CLOSED, HABEAS

## United States District Court
## Eastern District of Pennsylvania (Philadelphia)
## CIVIL DOCKET FOR CASE #: 2:07-cv-00103-PBT
## Internal Use Only

0 7 - 1 4 1

NEELY v. DIGUGLIELMO et al

Assigned to: HONORABLE PETRESE B. TUCKER

Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 01/09/2007
Date Terminated: 01/31/2007
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**BLANE NEELY**

represented by **BLANE NEELY**
GE-0655
S.C.I. GRATERFORD
BOX 244
GRATERFORD, PA 19426
PRO SE

V.

**Respondent**

**DAVID DIGUGLIELMO**
*ET AL*

**Respondent**

**THE DISTRICT ATTORNEY OF
THE COUNTY OF
MONTGOMERY, PA**

**Respondent**

**THE ATTORNEY GENERAL OF
THE STATE OF PENNSYLVANIA**

A TRUE COPY CERTIFIED TO FROM THE REGO...

DATED: 3-7-06

ATTEST:

DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| Date Filed | # | Docket Text |
|---|---|---|
| 01/09/2007 | ◑1 | PETITION for Writ of Habeas Corpus together with Memorandum , filed by BLANE NEELY.(tj, ) (Entered: 01/09/2007) |
| 01/09/2007 | | (Court only) Habeas Corpus Case Management Track (tj, ) (Entered: 01/09/2007) |

| 01/31/2007 | ●2 | ORDER THAT PETITIONER IS GRANTED PROVISIONAL LEAVE TO PROCEED IN FORMA PAUPERIS IN THIS MATTER FOR THE PURPOSES OF THIS ORDER ONLY, AND IT IS FURTHER ORDERED THAT THIS CIVIL ACTION IS TRANSFERRED TO THE U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE, AND, IT IS FURTHER ORDERED THAT THE CLERK OF THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF PA SHALL MARK THIS MATTER AS CLOSED IN THIS COURT FOR ALL PURPOSES, ETC.. SIGNED BY JUDGE PETRESE B. TUCKER ON 1/29/07. 2/1/07 ENTERED AND COPIES MAILED.(fb) (Entered: 02/01/2007) |
|---|---|---|
| 01/31/2007 | | (Court only) ***Civil Case Terminated. (sf, ) (Entered: 02/02/2007) |
| 02/09/2007 | ● | Copy of order, filed on 1/31/07, and envelope returned by U.S. Postal Service addressed to BLANE NEELY for the following reason: INMATE UNKNOWN. (fb) (Entered: 02/09/2007) |
| 02/26/2007 | ●3 | PETITION For Change of Venue filed by BLANE NEELY. Cert. of Service. (PRO SE) (pr, ) (Entered: 02/27/2007) |
| 03/07/2007 | ● | Original record together with certified copy of docket entries forwarded to U.S. District Court for the District of Delaware. (fb) (Entered: 03/07/2007) |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FORM FOR USE IN APPLICATIONS FOR HABEAS CORPUS UNDER 28 U.S.C. § 2254

(eff. 12/1/04)

FILED

**BLANE NEELY** _____ PETITIONER

(Full Name)   (Include name under which you were convicted)

By _____

vs.

07 -0103

Case No. CP-46-575-2006

(Supplied by the Court)

**DAVID DIGUGLIELIMO, et al.** _____ RESPONDENT

(Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner)
and

THE DISTRICT ATTORNEY OF THE COUNTY OF **MONTGOMERY, PA/**
and

THE ATTORNEY GENERAL OF THE STATE OF **PENNSYLVANIA**

ADDITIONAL RESPONDENT

**BLANE NEELY** _____ **GE-0655**

Name                                      Prison Number

___STATE CORRECTIONAL INSTITUTION -AT-GRATERFORD PENNSYLVANIA¹___
Place of Confinement

(If petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. § 2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

INSTRUCTIONS-READ CAREFULLY

1. You must include all potential claims and supporting facts for which you might desire to seek review because a second or successive habeas corpus petition cannot be filed except under very specific and rare circumstances requiring certification by the Third Circuit Court of Appeals as set forth in instruction # 13.

2. Your habeas corpus petition must be filed within the 1-year statute of limitations time limit set forth in 28 U.S.C. §2244(d)(1). (There are limited circumstances in which the petition may be amended, within the one-year time period, to add additional claims or facts, see Federal Rules of

1. Footnote:
The Petitioner Blane Neely, a/k/a James Jones SBI# 416474 is currently housed at the Howard R. Young Correctional Institution at 1301 E. 12th Street, Wilmington, Delaware 19809

Civil Procedure 15; or amended after the one-year period expires, in order to clarify or amplify claims which were timely presented, see United States v. Thomas, 221 F. 3d 430 (3d Cir.2000.)

3. Any false statement of a material fact in your petition, in a motion for leave to proceed in forma pauperis, or in any other motion you file in this case may serve as the basis for prosecution and conviction for perjury.

4. This petition must be typewritten, printed, or legibly handwritten and signed by you as the petitioner or by your representative on Page 11. You should answer all questions concisely in the proper space of the petition. If you need more room to answer any question, you may write on the reverse blank sides of the petition.

5. You may not attach additional pages to the petition. You do not have to list or cite the cases or law that you are relying on. If you do want to cite the cases and law you are relying on and make legal arguments, you should do so in a separate concise brief or memorandum which should be filed along with the petition.

6. When you file your petition, you must include a filing fee of $5.00. If you cannot pay the full filing fee, you must request permission to proceed in forma pauperis as explained in instruction # 8.

7. Your petition will be filed if you have followed these instructions and it is in proper order.

8. To request permission to proceed in forma pauperis without paying the full filing fee, you must completely fill out pages 12 through 18 of the petition. You should answer all questions and sign where indicated on Pages 12 and 18. You should see to it that an authorized prison official completes the certification on Page 19. You must prove that you cannot pay the full filing fee and other costs because of poverty and a discharge in bankruptcy will not excuse you from this requirement. The Court will let you know if you may proceed in forma pauperis.

9. Only final judgments entered by one state court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

10. As required by 28 U.S.C. § 2254(b)(1), you must have exhausted all claims that you are making in your petition. This means that every claim must have been presented to each level of the state courts. If you file a petition that contains claims that are not exhausted, the federal court will dismiss your petition. 28 U.S.C. § 2254(b)(2) provides that if it is perfectly clear that no colorable claims are presented, the federal court can also deny your petition on the merits.

11. As required by 28 U.S.C. § 2254(e)(1), a federal court, when considering your habeas corpus petition, must deem as correct a determination of fact made by a state court unless you rebut the presumption of correctness by clear and convincing evidence. Under 28 U.S.C. § 2254(e)(2), if

2

you have failed to develop the factual basis of a claim in state court proceedings, a federal court cannot hold an evidentiary hearing on that claim unless you show that:

> (i) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the U.S. Supreme Court, that was previously unavailable, or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.
>
> You must also show that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found you guilty of the offense in question.

12. As required by 28 U.S.C. § 2244(b)(1), a federal court must dismiss any claim in a second or successive habeas corpus petition that *was* presented in a prior habeas corpus petition.

13. As required by 28 U.S.C § 2244(b)(2), a federal court must dismiss any claim in a second or successive habeas corpus petition that *was not* presented in a prior habeas corpus petition unless you show:

> (A) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the U.S. Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found you guilty of the offense in question.
>
> Before such a second or successive petition may be filed in the district court, however, the petitioner must move the court of appeals for an Order authorizing the district court to consider the petition. Petitioner's motion for such an Order must be determined by a three judge panel of the court of appeals, which must grant or deny the motion within 30 days. The court of appeals may grant the motion only if it determines that the petition makes a prima facie showing that it satisfies either (A) or (B) above.

14. 28 U.S.C. § 2254(i) provides that ineffectiveness of counsel during post-conviction, habeas corpus and P.C.R.A. proceedings in state or federal court may not be grounds for relief in your petition.

15. When the petition is fully completed, the **original and four copies** must be mailed to the **Clerk of the United States District Court, Room 2609, 601 Market Street, Philadelphia, PA 19106.** You must return all pages, including these instructions.

3

## PETITION

1. (a)  Name and location of court which entered the judgment of conviction under attack: _____

**THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY PENNSYLVANIA**

(b)  Name of Prosecutor: **KAREN RICCA, ESQ., ASSISTANT DISTRICT ATTORNEY**

(c)  Prosecution conducted by District Attorney's Office of __**MONTGOMERY**__
      County

2. (a)  Date of Judgment of conviction: **EXTRADITION ORDERED JUNE 15, 2006**

                                         **STATE OF DELAWARE V. BLANE NEELY AKA**

(b)  Indictment number or numbers: __**JAMES JONES,**__
                             **INDICTMENT NO. 9908003661**

   Term: _____ Criminal Case Number **CP-46-MD-575-2006**

3. Length of sentence: **EXTRADITED** _____ Sentencing Judge **WILLIAM R. CARPENTER**

                                                   **STATE OF DELAWARE GIVEN**

4. Nature of offense or offenses for which you were convicted: _____

**TEMPORARY CUSTODY UNDER THE INTERSTATE AGREEMENT ON DETAINER**

**ACT.** _____

5. What was your plea? (Check one)
   (a) Not guilty (  )  (b) Guilty (  )  (c) Nolo contendere (  )**(CONTESTED EXTRADITION.)**

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or
   indictment, give details: _____

   _____

   _____

6. **If you pleaded not guilty**, what kind of trial?: (Check one)  (a) Jury (  )  (b) Judge only (  )

7. Did you testify at the trial?  Yes (  )  No (  )
   **(EXTRADITION)**

8. Did you appeal from the judgment of ~~conviction~~   Yes (**X**)  No (  )

9. If you did appeal, answer the following:

4

(a) Name of court: **SUPERIOR COURT OF PENNSYLVANIA**

(b) Result: ~~REVERSED~~ **PETITIONER WAS ILLEGALLY EXTRADITED BEFORE THE JUDGMENT TO EXTRADITE PETITIONER WAS ADJUDICATED BY THE SUPERIOR COURT OF PA.**

(c) Date of result and citation, if known: _____

(d) Grounds raised: **STATE OF DELAWARE VIOLATED THE INTERSTATE**

**AGREEMENT ON DETAINERS ACT, ARTICLE IV, V** _____

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

    (1) Name of court: _____

    (2) Result: _____

    (3) Date of result and citation, if known: _____

    (4) Grounds raised: _____

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

    (1) Name of court: _____

    (2) Result: _____

    (3) Date of result and citation, if known: _____

    (4) Grounds raised: _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?    Yes ( )    No ( )

11. If your answer to 10 was "yes," give the following information.

    (a) (1) Name of Court: _____

    (2) Nature of proceeding: _____

_____

5

(3) Grounds raised: _____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ( ) No ( )

(5) Result: _____

(6) Date of result: _____

(7) Did you appeal the result to a higher court?    Yes ( ) No ( )

Court Name(s) _____

Result(s) _____

Result Date(s) _____

(b) As to any second petition, application or motion give the same information:

(1) Name of Court: _____

(2) Nature of proceeding: _____

_____

(3) Grounds raised: _____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ( ) No ( )

(5) Result: _____

_____

_____

6

(6) Date of result:_____

(7) Did you appeal the result to a higher court?    Yes ( )  No ( )

Court Name(s)_____

Result(s)_____

Result Date(s)_____

(c) As to any third petition, application or motion give the same information:

(1) Name of Court:_____

(2) Nature of proceeding:_____

_____

(3) Grounds raised:_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ( )  No ( )

(5) Result:_____

_____

_____

(6) Date of result:_____

(7) Did you appeal the result to a higher court?    Yes ( )  No ( )

Court Name(s)_____

Result(s)_____

Result Date(s)_____

7

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Give specific facts supporting each ground.

*CAUTION*: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

For information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

8

A. Ground one:_____

_____

Supporting FACTS (state *briefly* without citing cases or law):

_____

_____

_____

B. Ground two:_____

_____

Supporting FACTS (state *briefly* without citing cases or law):

_____

_____

_____

C. Ground three:_____

_____

Supporting FACTS (state *briefly* without citing cases or law):

_____

_____

_____

D. Ground four:_____

_____

Supporting FACTS (state *briefly* without citing cases or law):

_____

9

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

_____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?         Yes ( )  No ( X

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

**(EXTRADITION HEARING)**

  (a)  At preliminary hearing:____**MR. JEROME M. BROWN, ESQUIRE**____

  **1628 J.F.K. BLVD., SUITE 1000, PHILADELPHIA, PA.   19103**

  (b)  At arraignment and plea:_____

_____

  (c)  At trial:_____

_____

  (d)  At sentencing:_____

_____

  (e)  On appeal:_____

_____

  (f)  In any post-conviction proceeding:_____

10

(g)  On appeal from any adverse ruling in a post-conviction proceeding : _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ( )  No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?                    Yes ( )  No ( )

   (a)  If so, give name and location of court which imposed sentence to be served in the future:

   (b)  And give date and length of  sentence to be served in the future: _____

   (c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?    Yes ( )  No ( )

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _January 3 2007_____     _Blane Neely_____
            Date                     Petitioner's Signature or
                                     Signature of Petitioner's Representative

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BLANE NEELY,                          :    CIVIL ACTION
      PETITIONER         :
                                  :

     VS.                              :

DAVID DIGUGLIELMO SUPT.,et al :    NO. _____ **07 - 0105**
      RESPONDENTS        :

**MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR**
**WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254**

TO: THE HONORABLE JUDGES/JUDGES OF THE ABOVE-SAID COURT:

    The Petitioner, Blane Neely, Pro-se, that Writ of Habeas Corpus be granted for the reasons that follows:

    1.    Petitioner is an inmate currently housed at the State Correctional Institution, Graterford, in Graterford, Pennsylvania.

    2.    The State of Delaware has sought to remove Petitioner pursuant to the Interstate Agreement on Detainers (IAD) in the matter of <u>State of Delaware V. James Jones</u>, Indictment No. 9908003661, which involves an incident that occurred on or about August 4, 1999. (See enclosed record attached hereto.)

    3.    The Docket Entries of The Superior Court of Delaware records reflect that subsequent to release on bond, the Petitioner was incarcerated at Graterford Prison which the State of Delaware became aware of on March 8, 2000. <u>See:</u> Exhibit "A" attached, Docket Entry #18.

    4.  As a result of being notified that Petitioner was now incarcerated in Pennsylvania at SCI-Graterford, the State of Delaware on June 2, 2000 filed a "<u>Form 5</u>" Request for

1

Temporary Custody. <u>See:</u> Exhibit "A", attached, Docket Entry #24.

5. The State of Delaware after making the <u>Form 5</u> written Request For Temporary custody on June 2, 2000 triggering obligations and protections under IAD and pursuant to Article IVand V of that act, the State of Delaware did not proceed; fail to accept temporary custody and to try Petitioner in 120 days.

6. The State of Delaware made a second <u>Form 5</u> Request For Temporary Custody on February 8, 2005 which was signed by a judge in Delaware but that said request was not mailed to the District Attorney's Office in Pennsylvania until October 26, 2005, over eight months later; again the State of Delaware did not proceed; failed to accept Temporary Custody and to try Petitioner in 120 days after triggering State of Delaware's obligations and Petitioners protections under IAD. <u>See:</u> Exhibit "B", State of Delaware "Second Form 5" Request for Temporary Custody.

7. The State of Delaware has violated the Interstate Agreement on Detainers Act, Article IV and V(c), where State of Delaware failed to commence extradition proceedings and failed to accept temporary custody after filing "Form 5" initiating transfer...the 120 day period of Article IV, is triggered...Upon presentation of a written request for temporary custody or availability and was sufficient to the trigger the State of Delaware's obligation pursuant to Article IV of the IAD to bring

2

Appellant to trial in a 120 days.  <u>See:</u>  <u>Commonwealth v. Davis,</u>
567 Pa. 135, 138-39, 786 A.2d 173, 175 (2001);  Article IV of
the IAD provides the procedure by which the prosecutor in the
requesting State initiates the transfer:

(a)    The appropriate officer of the jurisdiction
in which an untried indictment, information or complaint is
pending shall be entitled to have a prisoner against whom he
has lodged a detainer and who is serving a term of imprisonment
in any party state made available in accordance with Article
V(a) hereof upon presentation of a written request for temporary
custody or availability to the appropriate authorities of the
state in which the prisoner is incarcerated.

8.    Pursuant to INTERSTATE Agreement on Detainer Act.
Article V(c), "If the appropriate authority shall refuse or
<u>fail to accept temporary custody of said person</u>, or in the event
that an action on the indictment, information, or complaint
on the basis of which the detainer has been lodged is not brought
to trial within the period provided in Article III or Article
IV hereof, the appropriate Court of jurisdiction where the
indictment, information, or complaint has been pending shall
enter an order dismissing the same with prejudice and any
detainer based thereon shall cease to be of any force or effect."

9.    The State of Delaware again further violated the IAD
by presenting the February 8th 2005 "second" Form 5 Request
for Temporary Custody, as requisition papers at Petitioner's
Extradition Hearings on June 5th 2006 before Judge Thomas Del

3

Ricci and June 13th before Judge William R. Carpenter, in the Court of Common Pleas of Montgomery County, Courtroom 6, which made the requisition untimely and invalid, Requisition Papers was not in the proper order. <u>See:</u> Exhibit "B" attached, State of Delaware Second Requisition Papers which were presented as Third Requisition.

10.  <u>See: Commonwealth v. Mayle</u>, 788 A.2d 677 (Pa. Super. 2001), the court cited the following language from <u>Commonwealth v. Thornhill,</u> 441 Pa. Super. 382, 601 A.2d 842, 846 (Pa. Super. 1992) to set forth the policies under the act:

> "The policy of the Interstate Agreement on Detainers is to encourage the expeditious and orderly disposition of charges and its purpose is to promote and foster prisoner treatment and rehabilitation programs by eliminating uncertainties which accompany the filing of detainer. <u>Commonwealth v. Fisher</u> 451 Pa. 102, 106, 301 A.2d 605, 607 (1973....Because the legislation is remedial in character, it is to be liberally construed in favor of the prisoner so as to effectuate its purpose. Commonwealth v. Merlo, supra at 522, 364 A.2d at 394."

<u>Mayle,</u> 780 A.2d at 682.

11.  To permit the State of Delaware to extradite Petitioner over six years after they filed the request to have him transferred will violate the remedial purpose under the IAD act, and also; the due process and equal protection clause of the 14th Amendment of the U.S. Constitution.

This Honorable Court should not reward the utter lack of due diligence by the State of Delaware by permitting them to remove Petitioner after this passage of time and procedural

4

default, its failure to try him within a 120 days of the requests has denied the State of Delaware the right to try Petitioner.

Testimony before the Honorable William E. Carpenter on June 13, 2006 reflected that the State of Delaware did not proceed on its first Form 5 request for Temporary Custody in the year 2000 under the Interstate Agreement on Detainer Act but made a second request on February 8, 2005 and the request made before Judge Carpenter was the third requisition.

Nonetheless, the court erroneously signed on order transferring the Petitioner to Delaware on June 15, 2006. <u>See:</u> Exhibit "C", Order of Judge William E. Carpenter, attached.

The Petitioner filed a Notice of Appeal to the Superior Court on July 7, 2006, along with a "Petition for Stay From Extradition and for a Writ of Habeas Corpus". Petitioner Brief was returned ~~which was denied~~ on <u>November 20 Th</u>, 2006. <u>See:</u> Exhibit "D", Order for the Superior Court of Pennsylvania.

**WHEREFORE,** for all the foregoing reasons, it is respectfully requested that this Honorable Court grant this petition for a Writ of Habeas Corpus and dismiss Criminal Complaint and charges with prejudice; in the interest of judicial efficiency.

Respectfully submitted,

*Blane Neely*

Blane Neely, GE-0655
Petitioner Pro se
SCI Graterford P.O. BOX 244
Graterford, Pa.  19426-0244

DATED: *January 3rd* ~~2006~~ 2007

5

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BLANE NEELY,                        :   CIVIL ACTION
     PETITIONER                   :
                        :
     VS.                          :
                        :
DAVID DIGUGLIELMO SUPT.,et al :   NO. _____
        RESPONDENTS          :

## PROOF OF SERVICE

    I, Blane Neely, hereby certify that on this date *January* __3rd__, 2006, I have served the forgoing "MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. at 2254" upon the following by FIRST CLASS MAIL TO:

(4 copies) N/A
(The Original)

Michael E. Kunz,
Clerk of the United States
District Court, Room 2609,
601 Market Street
Philadelphia, Pa.   19106

*Blane Neely*

Blane Neely, Pro Se
Inmate No. GE-0655
Petitioner Pro-se
P.O. Box 244
Grateford. PA   19426-0244

DATED:   *January 3rd,* 2007 ~~2006~~

6

SUPERIOR COURT CRIMINAL DOCKET                    Page    3
( as of  12/10/2003 )

State of Delaware v.  JAMES JONES                              DOB: 02/02/1958
State's Atty: PAUL R WALLACE , Esq.          AKA: JIMMY JONES
Defense Atty: RALPH D WILKINSON , Esq.            JIMMY JONES

Event
No.   Date           Event                                    Judge
-------------------------------------------------------------------------------
18  ( 03/08/2000
       LETTER FROM TIMOTHY WILLARD, ESQ. TO SANDY AUTMAN EXPLAINING THAT
       DEF. HAS BEEN LOCATED AT GRATERFORD PRISON IN PENN. ON BEHALF OF
       CAPITAL BONDING, HE INTENDS TO FILE A MOTION TO BE RELIEVED AS BONDS-
       PERSON AND RELIEVED OF FINAL $15,000 FORFEITURE PAYMENT.     SHA
19   03/22/2000
       BAIL FORFEITED IN THE AMOUNT OF $15,000.00 3RD INSTALLMENT.
20   04/10/2000
       MOTION TO SET ASIDE OR REMIT FORFEITURE OF BOND AND EXONERATE BOND
       LIABILITY FILED.
       TIMOTHY WILLARD, ESQ.
21   05/01/2000                                       STOKES RICHARD F.
       MOTION TO SETASIDE OR REMIT FIRFEITURE OF BOND & EXONERATE BOND
       LIABILITY GRANTED.
22   05/11/2000
       MOTION TO SET ASIDE OR REMIT FORFEITURE OF BOND AND EXONERATE BOND
       LIABILITY FILED.
       TIMOTHY WILLIARD, ESQ.
23   05/22/2000                                       QUILLEN WILLIAM T.
       MOTION TO SET ASIDE OR REMIT FORFEITURE OF BOND AND EXONERATE BOND
       LIABILITY DENIED.
24   06/02/2000
       AGREEMENT ON DETAINERS.
       FORM 5 FILED: REQUEST FOR TEMPORARY CUSTODY

              *** END OF DOCKET LISTING AS OF  12/10/2003 ***
                  PRINTED BY: CSCCHEI

EXHIBIT "A"



**New Castle County**
**Superior Court I.D. No. 9908003361**

### AGREEMENT ON DETAINERS – FORM V
Request for Temporary Custody

TO:   Records Specialist       State Correctional Institution – Graterford

P.O. Box 246, Rt. 29, Graterford, PA 19426

Please be advised that **James Jones a.k.a. Brian Neeley/Blane Neeley; DOB 2/2/1958 & 2/2/1952,** who is presently an inmate of your institution, is under (indictment, information, or complaint) in the State of Delaware of which I am the Deputy Attorney General.

Said inmate is therein charged with the offense(s) enumerated below:

**I.D. No. 9908003361** – Kidnapping Second Degree; 2 counts of Possession of a Deadly Weapon by a Person Prohibited; 4 counts of Possession of a Firearm During the Commission of a Felony; Robbery First Degree; Conspiracy Second Degree; Possession of a Weapon with a Removed, Obliterated, or Altered Serial Number; and Resisting Arrest.

I propose to bring this individual to trial on this (indictment, information or complaint) within the time specified in Article IV(c) of the Agreement.

In order that proceedings in this matter may be properly had, I hereby request temporary custody of such individual pursuant to Article IV(a) of the Agreement on Detainers.

I hereby agree that immediately after trial is completed in this jurisdiction, I will return the inmate directly to you or allow any jurisdiction you have designated to take temporary custody. I also agree to complete the Form IX, the Notice of Disposition of a Detainer, immediately after trial.

Signed: _____
               Peter N. Letang

Title:   Chief Prosecutor

I hereby certify that the person whose signature appears above is an appropriate officer within the meaning of Article IV(a), the facts recited in this request for temporary custody are correct, and that having duly recorded said request I hereby transmit it for action in accordance with its terms and the provisions of the Agreement on Detainers.

Dated: 2/8/05                    Signed: John E Bolroy
                                              Judge

EXHIBIT "B"

# IN THE COURT OF COMMON PLEAS
## COUNTY OF MONTGOMERY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA          :          CP-46-MD-0000575-2006
*Ex Rel the State of Delaware*
                vs.                                    :

Blane Neeley a/k/a James Jones                 :
SCI Graterford # GE0655

## ORDER

AND NOW, this ___15___ day of June, 2006, the Court finds that the State of Delaware has fulfilled the requirements of the Interstate Agreement on Detainers Act (IADA), as codified by both Pennsylvania at PA.C.S. §9101 et seq., and the State of Delaware at 11 Del. C., Chap. 25, §2540 et seq. The Court is satisfied that the accused named in the Request for Temporary Custody, Form 5, is the defendant/prisoner being held at the State Correctional Institution, Graterford.

IT IS HEREBY ORDERED AND DIRECTED that, pursuant to the provision of the Interstate Agreement on Detainers Act, the State of Delaware be given temporary custody of Blane Neeley a/k/a James Jones, to answer the criminal charges in that Jurisdiction.

IT IS FURTHER ORDERED that the Superintendent of the State Correctional Institution, Graterford shall proceed with arrangements for the transfer and temporary custody of the defendant to the demanding State of Delaware, County of New Castle, pursuant to the provisions of the Interstate Agreement on Detainers Act.

BY THE COURT:

William R. Carpenter, J.

cc:     District Attorney (File) -- ADA Karen Ricca, Esq
        Defendant Attorney -- Jerome Brown Esq., 1628 JFK Blvd, Suite 1000, 8 Penn Center, Phila PA 19103
        Defendant
        Warden, SCI Graterford

EXHIBIT "C"



## The Superior Court of Pennsylvania
### Office of the Prothonotary

530 WALNUT STREET
THIRD FLOOR, SUITE 315
PHILADELPHIA, PENNSYLVANIA 19106

KAREN REID BRAMBLETT, ESQUIRE
  PROTHONOTARY

CHARLES E. O'CONNOR, JR., ESQUIRE
  DEPUTY PROTHONOTARY

(215) 560-5800
WEBSITE: www.superior.pacourts.us

November 20, 2006

Blane Neely a/k/a James Jones, #416474
Howard R. Young Correctional Inst.
1301 East 12th Street
Wilmington, DE 19809

    Re:   Commonwealth of Pennsylvania v. Ex Rel. Blane Neely,
           a/k/a James Jones v. David Digugliemo, etc.
           Appeal of: Blane Neely
           **No.  1975 EDA 2006**

Dear Mr. Neely:

    This is to advise that the attached **Order** has been entered in the above-captioned matter.

                                 Very truly yours,

                                   Karen Reid Bramblett
                                   Prothonotary

KRB:pf
Attachment:
Cc: Bruce L. Castor, Jr., Esquire
     Joseph J. Hylan, Esquire

EXHIBIT "D"

COMMONWEALTH OF PENNSYLVANIA :  IN THE SUPERIOR COURT OF
EX REL. BLANE NEELY, A/K/A        :       PENNSYLVANIA
JAMES JONES                              :
              v.                    :
                            :
DAVID DIGUGLIEMO,              :
SUPERINTENDENT, SCI-GRATERDORD,
PENNSYLVANIA                         :
                            :  No. 1975 EDA 2006
APPEAL OF: BLANE NEELY        :  (C.P. Montgomery County
                               No. 46-MD-0000575-06)

Filed: NOV 20 2006

## O R D E R

       The Appellant's *pro se* "Motion for Appointment of Counsel from Different Venue By Leave of the Court" is denied. The *pro se* briefs filed by the Appellant on October 10, 2006 are hereby stricken, and the Court Crier shall return those briefs to the Appellant since the trial court has appointed the Public Defender of Montgomery County to represent the Appellant in connection with this appeal.

                                         *PER CURIAM*

EXHIBIT "D"

COMMONWEALTH OF PENNSYLVANIA :
EX REL. BLANE NEELY, A/K/A         :
JAMES JONES                        :
               v.                  :
                                   :
DAVID DIGUGLIEMO,                  :
SUPERINTENDENT, SCI-GRATERDORD,
PENNSYLVANIA                       :
                                   :
APPEAL OF: BLANE NEELY             :

IN THE SUPERIOR COURT OF
PENNSYLVANIA



No. 1975 EDA 2006
(C.P. Montgomery County
    No. 46-MD-0000575-06)

Filed: OCT 16 2006

## O R D E R

      Upon consideration of the Appellant's *pro se* "Motion to File Handwritten Brief or Alternatively Appointment of Counsel to File Brief by Leave of Court," the trial court is directed to determine the Appellant's eligibility for court-appointed counsel within thirty days of the date that this Order is filed. If the Appellant is found to be eligible, then the trial court shall appoint counsel for the Appellant in connection with this appeal. The trial court shall immediately notify the Prothonotary of this Court of the appointment of counsel or of its determination of ineligibility. The Commonwealth's briefing schedule is vacated. A new briefing schedule will be established after this Court is notified of the trial court's determination. The Prothonotary is directed to provide the trial court with a copy of the Appellant's motion for reference purposes.

*PER CURIAM*

EXHIBIT "D"

IN THE SUPERIOR COURT OF PENNSYLVANIA

1975 EDA 2006

07 -0103

COMMONWEATH OF PENNSYLVANIA
EX REL. BLANE NEELY,
APPELLANT

V.

DAVID DIGUGLIELMO SUPERINTENDENT
S.C.I. GRATERFORD, PENNSYLVANIA, et al,
APPELLEE

## BRIEF FOR APPELLANT

APPEAL FROM THE FINAL ORDER ENTERED ON JUNE 15, 2006 DENYING
PETITION FOR A STAY FROM EXTRADITION UPON WRIT OF HABEAS CORPUS
BY THE HONORABLE WILLIAM R. CARPENTER JUDGE OF THE COURT OF COMMON
PLEAS OF MONTGOMER COUNTY AT NO. 46-MD-0000575-2006

DATE FILED: 10/10/06 SESSION: _____

JOURNAL NUMBER: _____ PANEL: _____

CORRECTION: _____

_____

BLANE NEELY
a/k/a
JAMES JONES SBI# 416474
HOWARD R. YOUNG CORRECTIONAL INST.
1301 EAST 12TH STREET
WILMINGTON DELAWARE 19809

# TABLE OF CONTENTS

TABLE OF CITATIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . ii
STATEMENT OF JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . l
ORDER IN QUESTION. . . . . . . . . . . . . . . . . . . . . . . . . . . 2
STATEMENT OF QUESTION INVOLVED . . . . . . . . . . . . . . . . . . 3
SCOPE AND STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . 4
STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . 5
SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . 6
ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-10

I. The Delaware State Officials violated the terms of the Inter-State Agreement On Detainers Act Article IV and V(c), by Twice filing "form V" Written Request for Temporary Custody and failing to Proceed or Accept Temporary Custody

II. The Delaware State Officials Third Requisition Papers was not in the Proper Order to allow Appellants transfer to the State of Delaware by Pennsylvania Authorities.

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
PROOF OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

EXHIBITS:

A- Docket Entries Of The Superior Court Of The State Of Delaware In And For New Castle County

B- The State Of Delaware's "Form V" Written Request For Temporary Custody

C- Transcripts of The Extradition Hearing Held In The Court of Common Pleas Of Montgomery County

D- Tranfer Order of The Court Of Common Pleas of Montgomery County

TABLE OF CITATIONS

STATE CASES:                                          PAGES

COMMONWEALTH V. DAVIS, 567 Pa. 135, 138-39,
786 A. 2d 173 175 (2001) . . . . . . . . . . . . . . . . . 8

COMMONWEALTH V. FISHER, 451 Pa. 102, 106, 301
A. 2d 605 607 (1973) . . . . . . . . . . . . . . . . . . 9

COMMONWEALTH V. MAYLE, 788 A. 2d 677, 780 A. 2d 682,
(Pa. Super. 2001) . . . . . . . . . . . . . . . . . . . . . . 8, 9

COMMONWEALTH V. MERLO, 364 A. 2d 394 . . . . . . . 9

COMMONWEALTH V. THORNHILL 441 Pa. 382,
601 A. 2d 842 846 (Pa. Super. 1992) . . . . . . . . . . 8

FEDERAL CASES:

COMMONWEALTH V. DAVIS, 101 S. Ct. 703 (1981) . . . . .

CUYLER V. ADAMS, 101 S. Ct. 703 (1981) . . . . . . . . 5, 6, 7, 9

MICHIGAN V. DORAN, 439 U. S. 282, 286-287,
99 S. Ct. 530, 534 (1978) . . . . . . . . . . . . . . . . . . . 9

STATUTES, RULES & ACTS
  State:
  42 Pa. C. S. A. § 742
  42 Pa. C. S. A. § 9101
  Pa. R. A. P. 341 (a)
  Federal:
  Interstate Agreement on Detainer Act

## STATEMENT OF JURISDICTION

This Court has Jurisdiction over this Appeal pursuant to:
(A) 42 Pa. C.S.A. § 742 (exclusive appellate jurisdiction in
the Superior Court of Pennsylvania from final order of the
Court of Common Pleas); (B) Pennsylvania Rules of Appellate Pro-
cedure 341 (a) (appeals as of right from final orders of a lower
court).

1

# ORDER IN QUESTION

The order which is subject of this appeal is the Final Order Dismissing Petition For A STAY From EXTRADITION Entered On June 15.2006 By The Honorable William R. Carpenter Judge Of The Court of Common Pleas of Montgomery County At No. 46-MD-0000575-2006. See: Exhibit "D" attached to. Brief.

2

STATEMENT OF QUESTION INVOLVED

I. Whether the Delaware State Officials violated the Terms Of the Interstate Agreement On Detainers Act, Article IV and V(c), by Twice filing "form V" Written Request for Temporary Custody and failing to Proceed or Accept Temporary Custody.

II. Whether the Delaware State Officials Third Requisition Papers in the Proper Order to allow Appellants transfer to the State of Delaware by Pennsylvania Ath Authorities.

3

## SCOPE AND STANDARD OF REVIEW

When reviewing a lower courts' decision, the standard of review is whether the determination was supported by the record and is free of legal error.

## STATEMENT OF THE CASE

The State of Delaware sought to remove Appellant pursuant to the Interstate Agreement on Detainers Act in the matter of the State of Delaware v. James Jones Del. Super. Ct., I.D.# 9908003361 which involves an incident that occurred on or about August 4, 1999 in the City of Wilmington New Castle County Delaware.

Subsequent to Appellant being release on bond for the said incident, Appellant was arrested for, Appellant was incarcerated at Graterford's State Correctional Institution in Graterford Pennslyvania.

As a result of the State of Delaware being notified that Appellant was incarcerated in Pennsyvania at SCI Graterford, the State of Delaware filed its "First" Form V Written Request for Temporary Custody on June 2, 2000. (See: Exhibit "A" Attach to Brief, Superior Court of State of Delaware, Docket Entries # 18 and 24.)

Testimony before the Honorable William E. Carpenter on June 13, 2006 at the Cuyler v. Adams Extradition Hearing in the Court of Common Pleas of Montgomery county, reflected that the State of Delaware did not proceed nor accept temporary custody on its "First" Form V Written Request for Temporary Custody under the Interstate Agreement on Detainer Act but made a "Second" Form V Written Request for Temporary Custody on February 8 2005 which was signed by a Judge and Deputy Attorney General in Delaware, However, that "Second Request" was not mailed to the District Attorney Office in Pennsylvania untill October 26, 2005 over eight months later, Nonetheless the Court signed an Order transferring the Appellant to Delaware on June 15, 2006. (See: Exhibit "B" Second Request for Temporary Custody; Exhibit "C" Transcripts of Extradition Hearing of June 13, 2006 Pages 1-11 and also; Exhibit "D" Transfer Order attached to this Brief)

Furthermore, the Third Requisition made by the State of Delaware was Defective, the Form V Written Request for Custody presented in 2006 was not only invalid because it was signed in February 8, 2005 but the Prosecutor Peter N. Letang had resigned as Chief Prosecutor for the State of Delaware and could not have lawfully made the Agreement to take Temporary Custody under the Interstate Agreement on Detainers Act.

## SUMMARY OF THE ARGUMENT

The Appellant who is presently housed at the Howard R. Young Correctional Institution in the City of Wilmington New Castle County Delaware was unlawfully removed by Delaware State Authorities from Graterford State Correctional Institution at Graterford Pennsylvania via a _Cuyler v. Adams_ Extradition Hearing pursuant to Interstate Agreement on Detainers Act.

The State of Delaware presented defective Requisition Papers at the Extradition's Hearing that were not in the Proper Order on their face and the State of Delaware was Knowingly in violation of the Terms of the Inter-State Agreement on Detainers Act Article IV and V(E).

Futhermore, the State of Delaware violated State and Federal Laws and also; the Jurisdition of the Superior Court of Pennsylvania by Transferring Appellant to another Jurisdiction across State Lines while instant Appeal of Transfer Order of lower court was still Pending before the Superior Court of Pennsylvania to prevent Disclosure of unlawful Extradition.

6

# ARGUMENT

## I. THE DELAWARE STATE OFFICIALS VIOLATED THE TERMS OF THE INTERSTATE AGREEMENT ON DETAINERS ACT ARTICLE IV AND V(c) BY TWICE FILING FORM V WRITTEN REQUEST FOR TEMPORARY CUSTODY AND FAILING TO PROCEED OR ACCEPT TEMPORARY CUSTODY

The Docket Entries from the State of Delaware Superior Court Criminal Docket relect that subsequent to release on bond the Appellant was located incarcerated at Graterford Prison on March 8 2000. See: Exhibit "A", attached, Docket Entry # 18.

As a result of being notified that Appellant was now incarcerated at SCI-Graterford the State of Delaware filed it's first "Form V" Written Request for Temporary Custody on June 2, 2000. See: Exhibit "A", attached Docket Entry # 24.

After failing to proceed on "first" Form V Written Request for Temporary Custody, the State of Delaware filed a "Second" Form V Written Request for Temporary Custody on February 8, 2005 which was signed by a Judge And Deputy Attorney General, However, that "Second" Request was not mailed to the District Attorneys Office in Pennsylvania Until October 26, 2005 over eight months later.

Approximately sixteen months after the State of Delaware filed its "Second" form V Written Request for Temporary Custody which Delaware again failed to proceed on; to commence extradition proceedings; accept temporary Custody, to transport and Try Appellant, Delaware presented the defective "Second" Form V Written Request at the Appellants Cuyler v. Adams Extradition Hearing on June 13, 2006 as Delaware's "Third" Requisition Papers, not only was Requisition Paper not in the Proper Order untimeliness because of their Untimeliness but that the Deputy Attorney General Peter N. Letang who signed the February 8, 2005 Form V Written Request for Validation had resigned when it was presented to Pennsylvania Court on June 13 2006.

The State of Delaware has unequivocally violated the Interstate Agreement on Detainers "Terms" Artical IV and V(c), where State of Delaware failed to "Twice" Commence extradition'

7

proceedings and failed, to accept temporary custody after filing "Form V" initiating transfer . . . the 120 day period of Article IV is triggered . . . <u>Upon presentation of a written request for temporary custody</u> or availability. <u>See</u>: <u>Commonwealth v. Davis</u> 567 Pa. 135 138-39, 786 A.2d 173 175 (2001), The Court concluded that "Article IV of the IAD provides the procedure by which the prosecutor in the requesting state initiates the transfer:

(a) The appropriate officer of the jurisdiction in which an untried indictment, information or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer and who is serving a term of imprisonment in any party state made available in accordance with Article V(a) <u>hereof upon presentation of a written request for temporary custody</u> or availability to the appropriate authorities of state in which the prisoner is incarcerated.

Pursuant to the Interstate Agreement on Detainer Act, Article V(C) "If the appropriate authority shall refuse or <u>fail to accept temporary custody of said person</u>, or in the event that an action on the indictment, information, or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in Article III or Article IV hereof the appropriate Court of jurisdiction where the indictment, information or complaint has been pending shall enter an order dismissing the same with prejudice and any detainer based thereon shall cease to be of any force or effect."

In <u>Commonwealth v. Mayle</u>, 788 A.2d 677 (Pa. Super. 2001), the court cited the following language from <u>Commonwealth v. Thornhill</u> 441 Pa. Super 382, 601 A.2d 842, 846 (Pa. Super. 1992) to set forth the policies under the act:

"The policies of the Interstate Agreement on Detainers is to encourage the expeditious and orderly disposition of charges and its

8

purpose is to promote and foster prisoner treatment and rehabilitation programs by eliminating uncertainties which accompany the filing of detainer. <u>Commonwealth v. Fisher</u>, 451 Pa. 102 106 301 A.2d 605 607 (1973).... Because the legislation is remedial in character, it is to be liberally construed in favor of the prisoner so as to effectuate its purpose. Commonwealth v. Merlo supra at 522 364 A.2d at 394."

<u>Mayle</u>, 780 A.2d at 682.


The State of Delaware waited over six years after filing their "First" request to have Appellant extradited on <u>June 2, 2000</u> before unlawfully transporting Appellant to Delaware on <u>August 15, 2006</u>, among numerous other violations of the terms under the Interstate ~~on Detainer~~ Agreement on Detainer Act. Delaware violated the remedial purpose under the Act.

## II. THE DELAWARE STATE OFFICIALS THIRD REQUISITION PAPERS WAS NOT IN THE PROPER ORDER TO ALLOW APPELLANTS TRANSFER TO THE STATE OF DELAWARE BY PENNSYLVANIA AUTHORITIES

Pursuant to <u>Cuyler v. Adams</u> 101 S.Ct. 703, 709, at F.N. 11 (1981), citing Michigan v. Doran, Supra, at 289 99 S.Ct., at 535:

"The person being extradited has no right to challenge the facts surrounding the underlying crime or the lodging of the custody request at the first hearing. Even at the later habeas corpus hearing, if any, he is permitted to question only:

(a) <u>whether the extradition documents on their face are in order</u>; (b) whether he has been charged with a crime in the demanding state; (c) whether he is the person named in the request for extradition; and (d) whether he is a fugitive."

9

At Appellants Extradition Hearings on <u>June 5, 2006</u> before Judge Thomas Del Ricci and <u>June 13, 2006</u> before Judge William R. Carpenter, in the Court of Common Pleas of Montgomery County Courtroom 6, Delaware presented Requisition Papers that was not in the Proper Order on their face, they were untimely and invalid due to the fact Delaware presented their <u>February 8, 2005</u> "Second" Form V Written Request for Temporary Custody which had been violated for failure to execute requisition timely under Detainer Act, as Delaware's "Third" Requisition Papers.

Furthermore, the Requisition made by the State of Delaware to the Pennsylvania Authorities in <u>June 2006</u> was invalid because the Interstate Compact Agreement to Try and return Appellant in a 120 days was signed by Peter N. Letang who had resigned as Deputy Attorney General.

The Honorable Court has Jurisdiction in light of the Interstate Compact Agreement to mandate the State of Delaware to comply with the "Terms" of the Interstate Agreement on Detainer Act pursuant to Article IV and V(C), Dismissing all Charges and return Appellant to Pennsylvania's Department of Corrections.

10

## CONCLUSION

Because of The State Of Delaware violations of the Terms of the Interstate Agreement on Detainer's and the Jurisdiction of the Superior Court of Pennsylvania over the instant matter the Appellant ask this Honorable Court, in the interest of Due Process and Equal Protection of the Law Clause of the Fourteenth Amendment of the United States Constitution, mandate that the State of Delaware return Appellant to the Pennsyvania Department of Corrections for the sake of comity and the Interstate Compact between the State of Delaware and Pennsylvania, Dismissing all charges.

Date: October 3rd 2006

Respectfully submitted,

Blane Neely

Blane Neely
a/k/a

James Jones SBI# 416474
Howard R. Young Correctional Inst.
1301 East 12Th Street
Wilmington Delaware 19809

11

## PROOF OF SERVICE

I hereby certify that I am on this day serving the "Appellant's Original Brief" by first class mail upon the Prothonotary of the Superior Court of Pennsylvania to inturn serve a copy of above-said Brief upon the following:

Mary Killinger
Deputy District Attorney
Montgomery County Courthouse
Swede & Airy Streets
Norristown, PA 19401

EXECUTED ON October 3rd 2006, at Howard R. Young Correctional Institution. City of Wilmington, New Castle County, Delaware.

Repectfully submitted,

Blane Neely

Blane Neely
a/k/a

James Jones SBI# 416474
Howard R. Young Correctional Inst.
1301 East 12Th Street
Wilmington DE 19809

SUPERIOR COURT CRIMINAL DOCKET                    Page      3
( as of  12/10/2003 )

State of Delaware v.  JAMES JONES                          DOB: 02/02/1958
State's Atty: PAUL R WALLACE , Esq.        AKA: JIMMY JONES
Defense Atty: RALPH D WILKINSON , Esq.          JIMMY JONES

```
      Event
No.   Date          Event                                      Judge
---------------------------------------------------------------------------
18    03/08/2000
           LETTER FROM TIMOTHY WILLARD, ESQ. TO SANDY AUTMAN EXPLAINING THAT
           DEF. HAS BEEN LOCATED AT GRATERFORD PRISON IN PENN. ON BEHALF OF
           CAPITAL BONDING, HE INTENDS TO FILE A MOTION TO BE RELIEVED AS BONDS-
           PERSON AND RELIEVED OF FINAL $15,000 FORFEITURE PAYMENT.       SHA
19    03/22/2000
           BAIL FORFEITED IN THE AMOUNT OF $15,000.00 3RD INSTALLMENT.
20    04/10/2000
           MOTION TO SET ASIDE OR REMIT FORFEITURE OF BOND AND EXONERATE BOND
           LIABILITY FILED.
           TIMOTHY WILLARD, ESQ.
21    05/01/2000                                          STOKES RICHARD F.
           MOTION TO SETASIDE OR REMIT FIRFEITURE OF BOND & EXONERATE BOND
           LIABILITY GRANTED.
22    05/11/2000
           MOTION TO SET ASIDE OR REMIT FORFEITURE OF BOND AND EXONERATE BOND
           LIABILITY FILED.
           TIMOTHY WILLIARD, ESQ.
23    05/22/2000                                          QUILLEN WILLIAM T.
           MOTION TO SET ASIDE OR REMIT FORFEITURE OF BOND AND EXONERATE BOND
           LIABILITY DENIED.
24    06/02/2000
           AGREEMENT ON DETAINERS.
           FORM 5 FILED: REQUEST FOR TEMPORARY CUSTODY

                *** END OF DOCKET LISTING AS OF  12/10/2003 ***
                    PRINTED BY: CSCCHEI
```

EXHIBIT "A"

**New Castle County**
**Superior Court I.D. No. 9908003361**

AGREEMENT ON DETAINERS – FORM V
Request for Temporary Custody

TO:   Records Specialist      State Correctional Institution – Graterford

       P.O. Box 246, Rt. 29, Graterford, PA 19426

Please be advised that **James Jones a.k.a. Brian Neeley/Blane Neeley; DOB 2/2/1958 & 2/2/1952,** who is presently an inmate of your institution, is under (indictment, information, or complaint) in the State of Delaware of which I am the Deputy Attorney General.

Said inmate is therein charged with the offense(s) enumerated below:

**I.D. No. 9908003361** – Kidnapping Second Degree; 2 counts of Possession of a Deadly Weapon by a Person Prohibited; 4 counts of Possession of a Firearm During the Commission of a Felony; Robbery First Degree; Conspiracy Second Degree; Possession of a Weapon with a Removed, Obliterated, or Altered Serial Number; and Resisting Arrest.

I propose to bring this individual to trial on this (indictment, information or complaint) within the time specified in Article IV(c) of the Agreement.

In order that proceedings in this matter may be properly had, I hereby request temporary custody of such individual pursuant to Article IV(a) of the Agreement on Detainers.

I hereby agree that immediately after trial is completed in this jurisdiction, I will return the inmate directly to you or allow any jurisdiction you have designated to take temporary custody. I also agree to complete the Form IX, the Notice of Disposition of a Detainer, immediately after trial.

Signed: _____
                    Peter N. Letang

Title:   Chief Prosecutor _____

I hereby certify that the person whose signature appears above is an appropriate officer within the meaning of Article IV(a), the facts recited in this request for temporary custody are correct, and that having duly recorded said request I hereby transmit it for action in accordance with its terms and the provisions of the Agreement on Detainers.

Dated: 2/6/05                          Signed: John E. Bolron
                                                       Judge

EXHIBIT "B"

IN THE COURT OF COMMON PLEAS IN AND FOR

THE COUNTY OF MONTGOMERY, PENNSYLVANIA

CRIMINAL DIVISION

- - -

| | | |
|---|---|---|
| COMMONWEALTH OF | : | NO. MD-0575-06 |
| PENNSYLVANIA | : | |
| | : | |
| vs. | : | |
| | : | |
| BLANE NEELY | : | |
| a/k/a JAMES JONES | : | |

- - -

CUYLER HEARING

- - -

Courtroom 6
Tuesday, June 13, 2006
Commencing at 9:40 a.m.

- - -

Megan McCartin, R.P.R.
Official Court Reporter
Montgomery County Courthouse
Norristown, Pennsylvania

- - -

BEFORE:    THE HONORABLE WILLIAM R. CARPENTER, JUDGE

- - -

COUNSEL APPEARED AS FOLLOWS:

KAREN RICCA, ESQUIRE
Assistant District Attorney
for the Commonwealth

JEROME BROWN, ESQUIRE
for the Defendant



EXHIBIT "C"

2

## I N D E X

COMMONWEALTH'S EVIDENCE

| Witness | Direct | Cross | Redirect | Recross |
|---------|--------|-------|----------|---------|
| Det. George Mood | 5 | 11 | | |

- - -

## E X H I B I T S

COMMONWEALTH

| Number | Marked | Rec'd |
|--------|--------|-------|
| C-1  Ten-pg. document w/envelope | 10 | 10 |

- - -

EXHIBIT "C"

```
 1                 Commonwealth v. Blane Neely
 2                         (Proceedings were commenced with
 3   the Court; Karen Ricca, Esquire; Jerome Brown,
 4   Esquire; and the Defendant(s) being present.)
 5                         - - -
 6                         MS. RICCA:  Good morning, Your
 7   Honor.  This is the case of Commonwealth versus Blane
 8   Neely, also known as James Jones, docket number
 9   MD-575-06.
10                         This is a hearing under Cuyler
11   versus Adams regarding the Interstate Agreement on
12   Detainers.  The defendant is currently a prisoner at
13   our State Correctional Institute at Graterford.  He is
14   represented by Mr. Jerome Brown of Philadelphia.  He
15   has filed certain motions, Your Honor, contesting the
16   transfer, which is the reason for this hearing.
17                         The last time we were in court
18   Mr. Brown did stipulate to the fingerprint report that
19   I had from Detective Bruce Saville.
20                         MR. BROWN:  That is correct,
21   Your Honor.
22                         THE COURT:  So identity isn't
23   the issue, right?
24                         MR. BROWN:  Identity is not the
25   issue in this case.
```

EXHIBIT "C"

4

```
 1            Commonwealth v. Blane Neely
 2                    THE COURT:  What is the issue?
 3                    MR. BROWN:  The issue in this
 4   case is a couple-fold.  Has the Court had an
 5   opportunity to read the Motion for Habeas Corpus?
 6                    THE COURT:  It's before me right
 7   now.
 8                    MR. BROWN:  Your Honor, number
 9   one, the State of Delaware lodged a detainer against
10   Mr. Neely probably about six years ago when he was
11   housed at SCI Graterford.  Thereafter, the State of
12   Delaware has taken no action in this case.
13                    I guess our attack is a
14   couple-fold.  Number one, the fact that remedial
15   purposes of the Act are that individuals are to be
16   taken, under the Act, quickly, because of the fact
17   that they have certain rehabilitative efforts ongoing,
18   which Mr. Neely has done.  He has actually served one
19   sentence --
20                    THE COURT:  Let me stop you for
21   a minute.  You are really saying it's not a timely
22   request from Delaware any longer.
23                    MR. BROWN:  That's number one.
24                    THE COURT:  All right.  Well
25   what's number two?
```

EXHIBIT "C"

5

```
 1                    Det. George Mood - Direct
 2                         MR. BROWN:  Number two is,
 3   whatever requisition papers that there were that
 4   existed six years ago are no longer valid.
 5                         THE COURT:  And is there a
 6   number three?
 7                         MR. BROWN:  I think that would
 8   probably -- and essentially, because of the
 9   timeliness, they violated the remedial purposes of the
10   Act.
11                         THE COURT:  Very well.
12                         Is the Commonwealth ready to
13   respond with testimony or other evidence?
14                         MS. RICCA:  Yes, Your Honor.  We
15   have one witness, Your Honor.
16                         Commonwealth would call
17   Detective George Mood to the stand, please.
18                              - - -
19                         DETECTIVE GEORGE MOOD, having
20   been duly sworn, was examined and testified as
21   follows:
22                    DIRECT-EXAMINATION
23                              - - -
24   BY MS. RICCA:
25   Q.   Detective Mood, by whom are you employed?
```

EXHIBIT "C"

6

```
 1              Det. George Mood - Direct
 2   A.   By the Montgomery County District Attorney.  I am
 3   assigned to the Detective Bureau as a Fugitive Unit
 4   investigator, have been so employed since September of
 5   2002.
 6   Q.   Do your duties include handling documents
 7   regarding the Interstate Agreement on Detainers?
 8   A.   Yes, involving that, and also under Uniform
 9   Criminal Extradition Act.
10                    MR. BROWN:  Your Honor, may we
11   have one moment to look at these.
12                    THE COURT:  All right, we'll
13   take a brief recess.  Let me know when you're ready.
14                    (A recess is taken.)
15                        - - -
16                    MR. BROWN:  Your Honor, if I
17   might, I would like to add one other ground after
18   speaking with Mr. Neely.  It is his position that the
19   Commonwealth -- not the Commonwealth, but the State of
20   Delaware must also, under Cuyler versus Sullivan --
21   excuse me -- Cuyler versus Adams, grant all of the
22   protections under the Uniform Criminal Extradition Act
23   also, and they have not done that, in particular
24   filing a governor's warrant here.  That is the
25   additional ground he has asked me to raise.
```

EXHIBIT "C"

```
                                                              7
1                    Det. George Mood - Direct

2                         THE COURT:  All right.  Proceed.

3                         MR. BROWN:  Your Honor, we have

4   already seen the exhibit that the Commonwealth is

5   showing.

6                         THE COURT:  Thank you.

7                         MS. RICCA:  Your Honor, there is

8   a copy on the bench, if you care to follow along.

9   BY MS. RICCA:

10  Q.   Detective, I am showing you a document that is

11  paper clipped and has a "1" in the upper corner.

12  Could you please identify that for the record.

13  A.   Yes.  Your Honor, this is a Form V under the

14  Agreement on Detainers Act, Request for Temporary

15  Custody, filed by the State of Delaware to the

16  attention of the State Correctional Institution at

17  Graterford.

18                        It says "James Jones, a/k/a

19  Brian Neely/Blane Neely," and dates of birth are

20  listed, in which the State of Delaware requests

21  temporary custody for disposition of open, untried

22  charges.  That's on the first page.

23                        The second page is a capias from

24  the State of Delaware, and that is a certified copy.

25                        The following pages are bills of
```

EXHIBIT "E"

8

1           Det. George Mood - Direct

2    indictment against Mr. Neely.  The information I have

3    are all certified copies.

4                     The last page is a certified

5    copy of the fingerprints for a Jones, James that was

6    submitted along with that.

7                     These documents were received by

8    me on October 5, 2006.  I time-stamped the envelope in

9    which I received these documents.

10   Q.   Detective, are these documents in the same

11   condition as when you received them on the date that

12   you opened that envelope and time-stamped it?

13   A.   Yes, they are.

14                     THE COURT:  What date did you

15   receive the documents?

16                     THE WITNESS:  October 26, 2005.

17   BY MS. RICCA:

18   Q.   Now, detective, after finding out that the

19   defendant wished a contested hearing, what did you do

20   with the last page attached to those certified

21   documents?

22   A.   I submitted that certified copy of a ten-print

23   card to Detective Lieutenant Bruce Saville of the

24   Montgomery County Detective Bureau, along with a known

25   copy of a ten-print card for Blane Neely, who was

EXHIBIT "C".

9

1                    Det. George Mood - Direct

2    incarcerated at State Correctional Institution at

3    Graterford.

4                         THE COURT:  All right, just stop

5    a minute.

6                         Mr. Brown, if your client

7    disrupts the proceedings further, I'll terminate.  All

8    right?

9                         MR. BROWN:  Yes, Your Honor, I

10   understand.

11                        THE COURT:  Continue.

12   BY MS. RICCA:

13   Q.   Did you receive a report back from the Detective

14   Bureau?

15   A.   Yes, I did.

16                        MS. RICCA:  Your Honor, I

17   believe that is the basis for the identification

18   stipulation.  There is a document purported to be an

19   expert report --

20                        THE COURT:  He has stipulated

21   that identification is not the issue.

22                        MS. RICCA:  Yes, Your Honor.

23   I'm moving that into evidence, please.

24                        MR. BROWN:  I have no objection,

25   Your Honor.

EXHIBIT "E"

```
                                                            10
 1                  Det. George Mood - Direct
 2                     THE COURT:  Admitted.
 3                     (The aforementioned documents,
 4  consisting of ten pages and attached envelope, marked
 5  Commonwealth Exhibit C-1 for identification and
 6  admitted into evidence.)
 7  BY MS. RICCA:
 8  Q.   Now, detective, as you look through those
 9  documents, they bear certain seals; is that correct?
10  A.   Yes, they do, except for page one, which is what
11  I was told is the original copy of the Form V, which I
12  received from the State of Delaware.  The Capias, the
13  Bills of Information or bills of indictment, which are
14  stapled together and stapled to the fingerprint card.
15  Q.   And they are certified; is that correct?
16  A.   Yes, they are.
17                     MS. RICCA:  Your Honor, I have
18  no further questions for him and I would move
19  Commonwealth Exhibit 1 into evidence.
20                     MR. BROWN:  No objection, Your
21  Honor.
22                     THE COURT:  You may
23  cross-examine.
24                     CROSS-EXAMINATION
25                     - - -
```

EXHIBIT "C"

```
 1                    Det. George Mood - Cross
 2    BY MR. BROWN:
 3    Q.   Sir, have you had any contact with the State of
 4    Delaware regarding these documents, other than
 5    receiving them in the mail?
 6    A.   Yes, I did.
 7    Q.   Are you aware that they filed a Form V request in
 8    their court back on June 2, 2000?
 9    A.   I'm aware that a Form V was filed with the
10    Pennsylvania Department of Corrections, and the
11    original document was not in the Delaware file;
12    therefore, a new original Form V was issued and signed
13    by the judge in New Castle County, New York, a John
14    E. --
15                         THE COURT:   Not New York, sir.
16                         THE WITNESS:   I'm sorry, New
17    Castle County, Delaware, and that was dated 2/8/05.
18    BY MR. BROWN:
19    Q.   But as far as you know there was a document that
20    was filed in that court.   Would you have any reason to
21    disagree with the assertion that it was filed back in
22    2000?
23    A.   I do know that -- I was told that there was a
24    document filed earlier, to wit the date I am not
25    aware.   But I was told there was a document filed
```

EXHIBIT "E"

## IN THE COURT OF COMMON PLEAS
## COUNTY OF MONTGOMERY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    :      CP-46-MD-0000575-2006
*Ex Rel the State ofDelaware*
            vs.           :

Blane Neeley a/k/a James Jones      :
SCI Graterford # GE0655

### ORDER

AND NOW, this __15__ day of June, 2006, the Court finds that the State of Delaware has fulfilled the requirements of the Interstate Agreement on Detainers Act (IADA), as codified by both Pennsylvania at P.A.C.S. §9101 et seq., and the State of Delaware at 11 Del. C., Chap. 25, §2540 et seq. The Court is satisfied that the accused named in the Request for Temporary Custody, Form 5, is the defendant/prisoner being held at the State Correctional Institution, Graterford.

IT IS HEREBY ORDERED AND DIRECTED that, pursuant to the provision of the Interstate Agreement on Detainers Act, the State of Delaware be given temporary custody of Blane Neeley a/k/a James Jones, to answer the criminal charges in that Jurisdiction.

IT IS FURTHER ORDERED that the Superintendent of the State Correctional Institution, Graterford shall proceed with arrangements for the transfer and temporary custody of the defendant to the demanding State of Delaware, County of New Castle, pursuant to the provisions of the Interstate Agreement on Detainers Act.

BY THE COURT:

_____
William R. Carpenter, J.

cc:     District Attorney (File) – ADA Karen Ricca, Esq
        Defendant Attorney – Jerome Brown Esq., 1628 JFK Blvd, Suite 1000, 8 Penn Center, Phila PA 19103
        Defendant
        Warden, SCI Graterford

EXHIBIT "D"

PBT

07 -0103

# UNITED STATES DISTRICT COURT

**APPENDIX F**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1301 E. 12th Street Wilmington DE 19809

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____ Outside of PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))___  Yes☐ No☐

Does this case involve multidistrict litigation possibilities?  Yes☐ No☐

*RELATED CASE, IF ANY:*

Case Number: 01 cv 2751 Judge Tucker  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes☐ No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes☐ No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes☐ No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☑ Habeas Corpus 2254
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
  (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
  (Please specify)

## ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____  _____  _____
                  Attorney-at-Law                Attorney I.D.#

**NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: JAN 09 2007  _____  _____
                  Deputy Clerk                Attorney I.D.#

CIV. 609 (4/03)

**APPENDIX I**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Blane Neely aka/ James Jones.          :          CIVIL ACTION

             v.          :

David Diguglielimo, et. al.          :          NO.   07 - 0103

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.          2254 (✓)

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )

JAN 09 2007

_____          _____          _____
**Date**                    **Deputy Clerk**              **Attorney for**


_____          _____          _____
**Telephone**               **FAX Number**                **E-Mail Address**

(Civ. 660) 10/02

Mr. Blane Neely
   A/K/A
James Jones SBI#416474
Howard R. Young Correctional Institution
1301 E. 12Th Street
Wilmington, Delaware 19809

RECEIVED
JAN   9 2007

January 3, 2007

Clerk of the Court
 United States District Court
 Room 2609, U.S. Courthouse
 601 Market Street
 Philadelphia, PA 19106

07 -0103

RE: COMMONWEALTH OF PENNSLVANIA
      EX REL. BLANE NEELY
            V.
      DAVID DIGUGLIELMO, SUPERINTENDENT
      S.C.I GRATERFORD, PENNSYLVANIA, et al.,
      SUPERIOR COURT NO.# 1975 EDA 2006

Dear Clerk:

        I am currently being held illegally detained in the above-
said Delaware State Prison in violation of the Terms of the
Interstate Agreement On Detainers Act, Article IV and 5(c)
which is a Federal Question pursuant to Cuyler v. Adams,
101 S.Ct. 703(1981) that has been presented to the Superior
Court of Pennsylvania exhausting State remedies.
        The Petitioner is unable to meet the Five Dollars filing
fee or the Four Copies of the Petition requirement, in light
of the "Extraordinary Circumstances" of the Petitioner being
illegally removed from Pennsylvania while Petitioners Appeal
was pending in the Jurisdiction of the Superior Court of
Pennsylvania and the State of Delaware continues to defy
the Congressionally Mandated Interstate Compact it is
incumbent on this Honorable U.S. District Court to enter-
tain the instant matter.
        The Petitioner respectfully ask this Honorable Court
waive the fees and Copies requirement "Sua Sponte" in light
of the Constitution that compels "Due Process and Equal"
Protection of the Laws.
                                    Respectfully Submitted!
                                    Blane Neely

Mr. James Jones SBI# 416474
Howard R. Young Correctional Institution
1301 E. 12th Street
Wilmington, DE 19801 2007

U.S.M.S.
X-RAY

U.S.M.S.
X-RAY

CLERK OF THE COURT
UNITED STATES DISTRICT CO
ROOM 2609, U.S. Courthou
601 Market Street
Philadelphia, PA 19106

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BLANE NEELY            :     **CIVIL ACTION**
     v.                 :
DAVID DIGUGLIELMO, et. al.    :     **NO. 07-cv-0103**

**FILED**

JAN 3 1 2007

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

### ORDER

**AND NOW,** this _29th_ day of _January_ 2007, it appearing that petitioner has filed a petition in this court seeking Habeas Corpus relief, and

it further appearing that the petitioner is attacking the actions of Delaware state actors, and

it further appearing that petitioner is currently incarcerated in a Delaware state correctional facility located in Wilmington, Delaware, and

it further appearing that the United States District Court for the Eastern District of Pennsylvania does not have venue over this matter pursuant to 28 U.S.C. §2241(d), it is hereby

**ORDERED** that petitioner is granted **_provisional_** leave to proceed _in forma pauperis_ in this matter for the purpose of **_this Order only_**, and it is further

**ORDERED** that this civil action is transferred to the United States District Court for the District of Delaware, and, it is further

**ORDERED** that the Clerk of the United States District Court for the Eastern District of Pennsylvania shall mark this matter as **CLOSED** in this court for all purposes, including statistics.

_xc, B. Neely_

_____
**PETRESE B. TUCKER, U.S. District Judge**



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| BLANE NEELY | V. | : | CIVIL ACTION |
| | | : | |
| DAVID DIGUGLIELMO , et al | | : | No:. 07-CV-0103 |

FILED

**PETITION FOR CHANGE OF VENUE**

FEB 2 6 2007

MICHAEL E. KUNZ, Clerk
By ___PKR___ Dep. Clerk

TO: THE HONORABLE PETRESE B. TUCKER, JUDGE OF THE ABOVE SAID
COURT:

The Petitioner Blane Neely. prose, respectfully request
this Honorable Court grant the instant petition for the reasons
that follow:

1.    On <u>January 31, 2007</u>, the Honorable Petrese B. Tucker
ordered that this Civil Action be transferred to the U.S.
District Court for the District of Delaware where the Petitioner
was previous incarcerated.

2.    The Petitioner is currently an inmate incarcerated
and serving a sentence at the State Correctional Institution,
at Graterford, Pennsylvania, in the jurisdiction of the U.S.
District Court for the Eastern District of Pennsylvania
(Philadelphia); and also; Pennsylvania is an agent for the
principle party/actor (Delaware State ) whom the instant Civil
Action is brought against. <u>See: Commonwealth of Pennsylvania,</u>
<u>Ex Rel. the State of Delaware, vs. Blane Neely a/k/a James</u>
<u>Jones, CP-46-MD 0000575-2006</u> and <u>Commonwealth of Pennsylvania,</u>
<u>Ex Rel. Blane Neely Vs. David Diguglielmo,</u> et. al., Superior
Court of PA Docket No. 1975 EDA 2006.

RECEIVED

FEB 2 8 2007

TUCKER, PETRESE B.

1

Accordantly, this Honorable United States District Court for the Eastern District of Pennsylvania has jurisdiction and the authority to entertain the instant Habeas Corpus matter pursuant to Title 28 U.S.C. §§2241 and 2254, which presents a "Federal Question" of "unlawful extradition" in violation of the Interstate Agreement on Detainer Act, an interstate compact approved by Congress and is thus a federal law subject to federal rather than state construction. See: Cuyler v. Adams, 101 S.Ct. 703 (1981), at 449 U.S. 438-39.

3.   The State of Delaware sought to remove Petitioner from Pennsylvania to face criminal charges in the State of Delaware pursuant to the Interstate Agreement on Detainers (IAD) in the matter of State of Delaware V. James Jones, Superior Court, I.D. # 9908003361 which involves an incident that occurred on or about August 4, 1999. See: Exhibit "A". Delaware Superior Court Criminal Docket Sheet, attached.

4.   The Delaware State Docket Entries reflect that subsequent to Petitioner's release on bond, Petitioner was incarcerated at Graterford Prison.   See: Exhibit "A", Docket Entry # 18, dated March 8, 2000, page 3, attached.

5.   As a result of Delaware State being notified that Petitioner was now incarcerated in Pennsylvania at SCI-Graterford, the State of Delaware filed a "Form 5" Written Request for Temporary Custody under IAD Act. See: Exhibit "A" Docket Entry # 24, dated June 2, 2000 page 3 and also; see Exhibit "C" Testimony of Montgomery County District

2

Attorney's Office Detective George Mood at <u>Cuyler Hearing</u>, June 13, 2006, page 11, before the Honorable Judge William R. Carpenter, of the Court of Common Pleas of Montgomery County Pennsylvania, attached.

6.    After failing to proceed on "first" Form 5 Written Request for Temporary Custody, the State of Delaware filed a "second" form 5 Written Request for Temporary Custody on <u>February 8, 2005</u> which was signed by Judge John E. Babiarz and Deputy Attorney General Peter N. Letang.  However, that "second" Request was not mailed to the District Attorney's Office in Montgomery County, Pennsylvania until <u>October 26, 2005</u>, over eight months later.  <u>See:</u> Exhibit "B", " Second" Form 5 Written Request for Temporary Custody, and also; <u>See:</u> Exhibit "C", Testimony of Montgomery County District Attorney's Office Detective George Mood at **Cuyler Hearing**, June 13, 2006, page 8 and 11, before the Honorable Judge William R. Carpenter, of the Court of Common pleas of Montgomery County, Pennsylvania, attached.

Approximately sixteen months after the State of Delaware filed it's "second" Form 5 Written Request for Temporary Custody which Delaware again failed to proceed on; to commence extradition proceedings; accept temporary custody, to transport and try Appellant; Delaware presented the defective "Second" Form 5 Written Request for Temporary Custody at the Petitioner <u>Cuyler V. Adams</u> Extradition Hearing on <u>June 13, 2006</u> as Delaware's "Third" requisition papers, not only

3

was the "Requisition Papers" not in the "proper Order" on their face because of their "Untimeliness" but that the Deputy Attorney General Peter N. Letang who signed the February 8, 2005 Form 5 Written Request to validate the Interstate Compact Agreement between Delaware and Pennsylvania Concerning Petitioners Extradition had resigned as a Delaware Deputy Attorney General when it was presented to Pennsylvania Court of Common pleas Cuyler V. Adams Extradition Hearing on June 13, 2006. See: Exhibit "B", "Second" Form 5 Written Request for Temporary Custody, and also; See Exhibit "C", Transcripts of Cuyler Hearing, June 13, 2006, pages 1-11, before the Honorable Judge William R. Carpenter, of the Court of Common Pleas of Montgomery County, Pennsylvania, attached.

The State of Delaware has unequivocally violated the Interstate Agreement on Detainers "Terms" Artical IV and V(c) where State of Delaware failed to "twice" Commence extradition proceedings and failed twice to accept temporary custody after filing "form V" initiating transfer...the 120 day period of Article IV is triggered...upon presentation of a written request for temporary custody or availability See: Commonwealth V. Davis 567 Pa. 135 138-39, 786 A.2d 173 175 (2001), The court concluded that "Article IV of the IAD provides the procedure by which the prosecutor in the requesting state initiates the transfer:

(a) The appropriate officer of the jurisdiction in which an untried indictment, information or complaint is

4

pending shall be entitled to have a prison against whom he has lodged a detainer and who is serving a term of imprisonment in any party state made available in accordance with Article V (a) hereof upon presentation of a written request of temporary custody or availability to the appropriate authorities of state in which the prisoner is incarcerated.

Pursuant to the Interstate Agreement on Detainer Act, Article V (c) "If the appropriate authority shall refuse or fail to accept temporary custody of said person, or in the event that an action on the indictment, information, or complaint on the basis of which the detainer has bee lodged is not brought to trial within the period provided in Article III or Article IV hereof the appropriate court of Jurisdiction where the indictment, information or complaint has been pending shall enter an order dismissing the same with prejudice and any detainer based thereon shall cease to be any force or effect.

In Commonwealth v. Mayle, 788 A.2d 677 (Pa. Super. 2001), the court cited the following language from Commonwealth v. Thornhill 441 Pa. Super 382, 601 A.2d 842, 846 (Pa. Super. 1992) to set forth the polices under the act:

> "The policies of the Interstate Agreement on Detainers is to encourage the expeditious and orderly disposition of charges and its purpose is to promote and foster prisoner treatment and rehabilitation programs by eliminating uncertainties which accompany the filing of detainer. Commonwealth v. Fisher, 451 Pa. 102 106 301 A.2d 605 607 (1973).....because the legislation is remedial in character, it

> is to be liberally construed in favor of
> the prisoner so as to effectuate its
> purpose. Commonwealth v. Merlo supra at
> 522 364 A.d at 394."

Mayle, 780 A.2d at 682.

The state of Delaware waited over six years after filing their "first" request to have Appellant extradited on June 2, 2000 before unlawfully transporting Appellant to Delaware on August 15, 2006, among numerous other violations of the terms under the Interstate Agreement on Detainer Act.  Delaware violated the remedial purpose under the Act.

## THE DELAWARE STATE OFFICIALS THIRD REQUISITION PAPERS WAS NOT IN THE PROPER ORDER TO ALLOW APPELLANTS TRANSFER TO THE STATE OF DELAWARE BY PENNSYLVANIA AUTHORITIES

Pursuant to Cuyler v. Adams 101 S.Ct 703, 709 at F.N. 11 (1981), citing Michigan v. Doran, supra, at 289 99 S.ct., at 535:

"The person being extradited has no right to challenge the facts surrounding the underlying crime or the lodging of the custody request at the first hearing.  Even at the later habeas corpus hearing, if any, he is permitted to question only:

(a)  Whether the extradition documents on their face are in order; (b) whether he has been charged with a crime named in the request for extradition; and (d) whether he is a fugitive."

6

Testimony before the Honorable William E. Carpenter at the Cuyler Hearing on June 13, 2006 reflected that the State of Delaware did not proceed on its "first" and "second" Form 5 Written Request for Temporary Custody and its "Third" requisition was untimely and defective.

The State of Delaware relinquish jurisdiction and right to extradite and prosecute under the Interstate Agreement on Detainer Act, Article IV and V.

It was an "Abuse of Discretion" for the Honorable Judge William E. Carpenter to order the Petitioner's transfer to the State of Delaware on June 15, 2006, and also it was unlawful for the State of Delaware to order and remove Petitioner from the Pennsylvania Department of Corrections on August 15, 2006, while Petitioner's appeal of the Lower Courts Order was pending before and under the jurisdiction of the Superior Court of Pennsylvania for adjudication, and also; in violation of the "terms" of the Interstate agreement on Detainers Acts See: Exhibit "D", Transfer Order of the Honorable Judge William E. Carpenter, of the Court of Common Pleas of Montgomery County, Pennsylvania; See: Exhibit A, Delaware Superior Court Criminal Docket Sheet, Docket Entry #26, dated August 2, 2006 page 3, State's Letter Filed to Criminal Office Judge Requesting the Court's Certification of a request to Transfer Pursuant to the Interstate Agreement on Detainer (IAD). Copy of Form VII attached -signed by

Judge Ableman, and also; <u>See</u> Exhibit "E", Superior Court of Pennsylvania Docket Sheet, Commonwealth of Pennsylvania, Ex Rel. Blane Neely v. David Diguglielmo, et al., No. 1975 EDA 2006.

**WHEREFORE,** the above-said reasons the Petitioner respectfully request that the Honorable Court grant a Change of Venue to entertain the instant matter and in the interest of Due Process and Equal Protection of the Law guaranteed by the Fourteenth Amendment of the United States Constitution, mandate that the State of Delaware for violating the "Terms" of the Interstate Agreement on Detainers Act, dismiss all charges and relinquish all jurisdiction over this matter.

Respectfully submitted,

Blane Neely #GE-0655
Petitioner Pro se
SCI-Graterford
P.O. Box 244
Graterford, PA  19426

DATED 2/22/2007

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BLANE NEELY                    :  CIVIL ACTION
                               :
        v.                     :                    FILED
                               :
DAVID DIGUGLIELMO, et al.      :  No. 07-CV-0103     FEB 2 6 2007

                                                    MICHAEL E. KUNZ, Clerk
**CERTIFICATE OF SERVICE**                          By   PAR      Dep. Clerk

I, Blane Neely, Petitioner, Pro-se, do hereby certify that on this 22nd day of February, 2007, I caused to be served a true and correct copy of the foregoing, "Petitioner For a Change of Venue", by the United States Mail, 1st Class, postage-prepaid, to the person that is indicated below:

Bruce L. Castor, Jr.
Montgomery County District Attorney's Office
Swede & Airy Sts. P.O. Box 311
Norristown, PA    19404-0331

                              Respectfully submitted,

                              Blane Neely

                              Blane Neely #GE-0655
                              Petitioner Pro se
                              SCI-Graterford
                              P.O. Box 244
DATED 2/22/2007               Graterford, PA    19426

SUPERIOR COURT CRIMINAL DOCKET                Page    1
( as of  10/03/2006 )

State of Delaware v.  JAMES JONES                     DOB: 02/02/1958
State's Atty: CHRISTINA M SHOWALTER , Esq.   AKA: JIMMY JONES
Defense Atty: THOMAS A PEDERSEN , Esq.            JIMMY JONES


Co-Defendants:  GERALD MILLER , ANTHONY PORTERFIELD
Co-Defendants:  ROBERT VANDERHOST

Assigned Judge:

Charges:
| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|--------------|-------------|--------|-------------|
| 001 | 9908003361 | IN99081975 | PFDCF | | |
| 002 | 9908003361 | IN99081976 | ROBBERY 1ST | | |
| 003 | 9908003361 | N99081977 | KIDNAP 2ND | DISM | 09/05/2006 |
| 004 | 9908003361 | IN99081978 | POS WEAP NO SER | | |
| 005 | 9908003361 | IN99081979 | CONSP 2ND | | |
| 006 | 9908003361 | IN99081980 | RESIST ARREST | | |
| 007 | 9908003361 | IN99082423 | KIDNAP 1ST | | |
| 008 | 9908003361 | IN99082424 | PFDCF | | |
| 009 | 9908003361 | IN99082425 | PFDCF | | |
| 010 | 9908003361 | IN99082426 | PFDCF | | |
| 011 | 9908003361 | IN99082427 | PDWBPP | | |

Event
| No. | Date | Event | Judge |
|-----|------|-------|-------|

1    08/25/1999
     CASE ACCEPTED IN SUPERIOR COURT.
     ARREST DATE: 08/04/1999
     PRELIMINARY HEARING DATE: 08/13/1999 WAIVED
     BAIL:
     HELD ON SECURED BAIL                    75000.00 100
     PRESIGNED WAIVER.
2    08/25/1999
     RELEASED ON SECURED BAIL 75000.00 100(BOND) JOHN DODDY, LEISURE INS.,
     KING BAIL BOND.
     PRESIGNED WAIVER.
3    08/30/1999
     NOTICE OF SERVICE OF DISCOVERY AND ACKNOWLEDGEMENT OF RECEIPT OF
     DISCOVERY RESPONSE.
4    08/30/1999
     INDICTMENT, TRUE BILL FILED. NO 51
     ARRAIGNMENT AND BAIL STATUS ON 10/8/99 AT 8:30
     CASE REVIEW ON 10/12/99 AT 9:00
5    09/24/1999
     SUMMONS MAILED.
6    09/24/1999

EXHIBIT "A"

SUPERIOR COURT CRIMINAL DOCKET                    Page    2
( as of  10/03/2006 )

State of Delaware v.  JAMES JONES                        DOB: 02/02/1958
State's Atty: CHRISTINA M SHOWALTER , Esq.  AKA: JIMMY JONES
Defense Atty: THOMAS A PEDERSEN , Esq.          JIMMY JONES

```
        Event
No.   Date          Event                      Judge
-----------------------------------------------------------------------
        SUMMONS MAILED.
 7    09/24/1999
        NOTICE SENT TO BONDPERSON FOR ARRAIGNMENT.
 8    10/08/1999                              REYNOLDS MICHAEL P.
        CAPIAS ISSUED_-JUDGE GOLDSTEIN ORDERED BAIL BE SET AT $100000.00
        CASH ONLY AND ORDERED A RTSC BE ADDED  ON THIS CASE AND ON THIS
        CAPIAS.
 9    10/08/1999                              REYNOLDS MICHAEL P.
        ARRAIGNMENT CALENDAR, ISSUE CAPIAS.
      10/12/1999                              GOLDSTEIN CARL
        CASE REVIEW CALENDAR/FINAL CASE REVIEW: CAPIAS OUTSTANDING.
        (RTSC).
10    10/12/1999
        RULE TO SHOW CAUSE (ORAL) FILED.
11    10/25/1999
        REGISTERED MAIL CARD RETURNED.
12    11/01/1999                              DEL PESCO SUSAN C.
        ORDER:  BAIL FORFEITED IN AMOUNT OF $75,000.00.
        THE BAIL POSTED BY JOHN DADDEZIO IN THE AMOUNT OF $75,000.00 SURETY
        BE FORFEITED AND JUDGMENT ENTERED AGAINST SAID JOHN DADDEZIO.
13    11/03/1999
        MOTION FOR FORFEITURE OF BAIL FILED.
        PAUL WALLACE, ESQ.
      11/10/1999
        MOTION FOR FORFEITURE OF BAIL - MOOT.
        ORAL RTSC ALREADY SIGNED.
14    11/17/1999
        LETTER/ORDER ISSUED BY JUDGE:
        LETTER FROM TIMOTHY WILLARD, ESQ. TO JUDGE DEL PESCO. 75,000.00 SURETY
        WAS FORFEITED FOR THE ABOVE REFERRED. THE BOND WAS POSTED BY JOHN DADE
        ZIO- KING BAIL BONDS. MY CLIENT RESPECTFULLY KING BAIL BONDS
        RESPECTFULLY REQUEST THAT PAYMENT BE ACCEPTED IN EQUAL MONTHLY
        INSTALLMENTS OF 15,000.00.
        SO ORDERED JUDGE DEL PESCO.
15    11/18/1999
        BAIL FORFEITED IN THE AMOUNT OF $21,000.00
        PAYMENT IN THE AMOUNT OF $15,000 RECEIVED
16    12/22/1999
        BAIL FORFEITED IN THE AMOUNT OF $15,000.00
        2ND INSTALLMENT PAID
17    01/21/2000
        BAIL FORFEITED IN THE AMOUNT OF $15,000.00 RECEIVED
```

EXHIBIT "A"

SUPERIOR COURT CRIMINAL DOCKET                    Page    3
( as of  10/03/2006 )

State of Delaware v.  JAMES JONES                              DOB: 02/02/1958
State's Atty: CHRISTINA M SHOWALTER , Esq.   AKA: JIMMY JONES
Defense Atty: THOMAS A PEDERSEN , Esq.            JIMMY JONES

```
     Event
No.  Date          Event                                  Judge
```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

18   03/08/2000
     LETTER FROM TIMOTHY WILLARD, ESQ. TO SANDY AUTMAN EXPLAINING THAT
     DEF. HAS BEEN LOCATED AT GRATERFORD PRISON IN PENN. ON BEHALF OF
     CAPITAL BONDING, HE INTENDS TO FILE A MOTION TO BE RELIEVED AS BONDS-
     PERSON AND RELIEVED OF FINAL $15,000 FORFEITURE PAYMENT.       SHA
19   03/22/2000
     BAIL FORFEITED IN THE AMOUNT OF $15,000.00 3RD INSTALLMENT.
20   04/10/2000
     MOTION TO SET ASIDE OR REMIT FORFEITURE OF BOND AND EXONERATE BOND
     LIABILITY FILED.
     TIMOTHY WILLARD, ESQ.
21   05/01/2000                                    STOKES RICHARD F.
     MOTION TO SETASIDE OR REMIT FIRFEITURE OF BOND & EXONERATE BOND
     LIABILITY GRANTED.
22   05/11/2000
     MOTION TO SET ASIDE OR REMIT FORFEITURE OF BOND AND EXONERATE BOND
     LIABILITY FILED.
     TIMOTHY WILLIARD, ESQ.
23   05/22/2000                                    QUILLEN WILLIAM T.
     MOTION TO SET ASIDE OR REMIT FORFEITURE OF BOND AND EXONERATE BOND
     LIABILITY DENIED.
24   06/02/2000
     AGREEMENT ON DETAINERS.
     FORM 5 FILED: REQUEST FOR TEMPORARY CUSTODY
26   08/02/2006
     STATE'S LETTER FILED TO CRIMINAL OFFICE JUDGE REQUESTING THE COURT'S
     CERTIFICATION OF A REQUEST TO TRANSFER PURSUANT TO THE INTERSTATE
     AGREEMENT ON DETAINERS (IAD).
     COPY OF FORM VII ATTACHED- SIGNED BY JUDGE ABLEMAN.
25   08/09/2006
     AGREEMENT ON DETAINERS. FORM VI AND VII.
27   08/28/2006
     SCHEDULING ORDER ISSUED
     THE FOLLOWING COURT DATES ARE ESTABLISHED:
     (A) FIRST CASE REVIEW 09/25/2006
     (B) FINAL CASE REVIEW 11/20/2006
     (C) TRIAL 11/28/2006
     09/05/2006                                    REYNOLDS MICHAEL P.
     BAIL REDISTRIBUTED  NOW SET AT
     SECURED BAIL-HELD                   90,000.00
     PRESIGNED WAIVER.
28   09/05/2006

EXHIBIT "A"

```
                   SUPERIOR COURT CRIMINAL DOCKET            Page    4
                        ( as of  10/03/2006 )

State of Delaware v.  JAMES JONES                         DOB: 02/02/1958
State's Atty: CHRISTINA M SHOWALTER , Esq.  AKA: JIMMY JONES
Defense Atty: THOMAS A PEDERSEN , Esq.           JIMMY JONES

     Event
No.  Date          Event                             Judge
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
     ARRAIGNMENT CALENDAR · 10-C FILED_BY R WILKINSON, ESQ
29   09/05/2006
     COMMITMENT TO DEPARTMENT OF CORRECTION.
30   09/25/2006
     CASE REVIEW CALENDAR:  SET FOR FINAL CASE REVIEW. 11/20/06
     09/25/2006                                   ABLEMAN PEGGY L.
     CASE REVIEW CALENDAR:  SET FOR FINAL CASE REVIEW.
31   09/27/2006
     ENTRY OF APPEARANCE BY THOMAS A. PEDERSEN, ESQ.

          *** END OF DOCKET LISTING AS OF  10/03/2006 ***
                PRINTED BY: CSCMMON
```

# EXHIBIT "A"

New Castle County
Superior Court I.D. No. 9908003361

AGREEMENT ON DETAINERS – FORM V
Request for Temporary Custody

TO:   <u>Records Specialist</u>          <u>State Correctional Institution – Graterford</u>

     <u>P.O. Box 246, Rt. 29, Graterford, PA 19426</u>

Please be advised that **<u>James Jones a.k.a. Brian Neeley/Blane Neeley; DOB 2/2/1958 & 2/2/1952,</u>** who is presently an inmate of your institution, is under (indictment, information, or complaint) in the State of Delaware of which I am the Deputy Attorney General.

Said inmate is therein charged with the offense(s) enumerated below:

**<u>I.D. No. 9908003361 – Kidnapping Second Degree; 2 counts of Possession of a Deadly Weapon by a Person Prohibited; 4 counts of Possession of a Firearm During the Commission of a Felony; Robbery First Degree; Conspiracy Second Degree; Possession of a Weapon with a Removed, Obliterated, or Altered Serial Number; and Resisting Arrest.</u>**

I propose to bring this individual to trial on this (indictment, information or complaint) within the time specified in Article IV(c) of the Agreement.

In order that proceedings in this matter may be properly had, I hereby request temporary custody of such individual pursuant to Article IV(a) of the Agreement on Detainers.

I hereby agree that immediately after trial is completed in this jurisdiction, I will return the inmate directly to you or allow any jurisdiction you have designated to take temporary custody. I also agree to complete the Form IX, the Notice of Disposition of a Detainer, immediately after trial.

                          Signed:_____

                                   Peter N. Letang

                        Title:   <u>Chief Prosecutor</u>

I hereby certify that the person whose signature appears above is an appropriate officer within the meaning of Article IV(a), the facts recited in this request for temporary custody are correct, and that having duly recorded said request I hereby transmit it for action in accordance with its terms and the provisions of the Agreement on Detainers.

Dated: <u>2/8/05</u>               Signed: <u>John E Babiarz</u>
                                     Judge

EXHIBIT "B"

IN THE COURT OF COMMON PLEAS IN AND FOR

THE COUNTY OF MONTGOMERY, PENNSYLVANIA

CRIMINAL DIVISION

- - -

| | |
|---|---|
| COMMONWEALTH OF<br>PENNSYLVANIA | : NO. MD-0575-06<br>:<br>: |
| vs. | :<br>: |
| BLANE NEELY<br>a/k/a JAMES JONES | :<br>: |

- - -

CUYLER HEARING

- - -

Courtroom 6
Tuesday, June 13, 2006
Commencing at 9:40 a.m.

- - -

Megan McCartin, R.P.R.
Official Court Reporter
Montgomery County Courthouse
Norristown, Pennsylvania

- - -

BEFORE:   THE HONORABLE WILLIAM R. CARPENTER, JUDGE

- - -

COUNSEL APPEARED AS FOLLOWS:

KAREN RICCA, ESQUIRE
Assistant District Attorney
for the Commonwealth

JEROME BROWN, ESQUIRE
for the Defendant



COPY

EXHIBIT "C"

2

I N D E X

COMMONWEALTH'S EVIDENCE

| Witness | Direct | Cross | Redirect | Recross |
|---------|--------|-------|----------|---------|
| Det. George Mood | 5 | 11 | | |

- - -

E X H I B I T S

COMMONWEALTH

| Number | Marked | Rec'd |
|--------|--------|-------|
| C-1  Ten-pg. document w/envelope | 10 | 10 |

- - -

EXHIBIT "C"

3

```
 1                    Commonwealth v. Blane Neely
 2                         (Proceedings were commenced with
 3    the Court; Karen Ricca, Esquire; Jerome Brown,
 4    Esquire; and the Defendant(s) being present.)
 5                      -  -  -
 6                         MS. RICCA:  Good morning, Your
 7    Honor.  This is the case of Commonwealth versus Blane
 8    Neely, also known as James Jones, docket number
 9    MD-575-06.
10                         This is a hearing under Cuyler
11    versus Adams regarding the Interstate Agreement on
12    Detainers.  The defendant is currently a prisoner at
13    our State Correctional Institute at Graterford.  He is
14    represented by Mr. Jerome Brown of Philadelphia.  He
15    has filed certain motions, Your Honor, contesting the
16    transfer, which is the reason for this hearing.
17                         The last time we were in court
18    Mr. Brown did stipulate to the fingerprint report that
19    I had from Detective Bruce Saville.
20                         MR. BROWN:  That is correct,
21    Your Honor.
22                         THE COURT:  So identity isn't
23    the issue, right?
24                         MR. BROWN:  Identity is not the
25    issue in this case.
```

EXHIBIT "C"

4

```
 1              Commonwealth v. Blane Neely
 2                   THE COURT:  What is the issue?
 3                   MR. BROWN:  The issue in this
 4    case is a couple-fold.  Has the Court had an
 5    opportunity to read the Motion for Habeas Corpus?
 6                   THE COURT:  It's before me right
 7    now.
 8                   MR. BROWN:  Your Honor, number
 9    one, the State of Delaware lodged a detainer against
10    Mr. Neely probably about six years ago when he was
11    housed at SCI Graterford.  Thereafter, the State of
12    Delaware has taken no action in this case.
13                   I guess our attack is a
14    couple-fold.  Number one, the fact that remedial
15    purposes of the Act are that individuals are to be
16    taken, under the Act, quickly, because of the fact
17    that they have certain rehabilitative efforts ongoing,
18    which Mr. Neely has done.  He has actually served one
19    sentence --
20                   THE COURT:  Let me stop you for
21    a minute.  You are really saying it's not a timely
22    request from Delaware any longer.
23                   MR. BROWN:  That's number one.
24                   THE COURT:  All right.  Well
25    what's number two?
```

EXHIBIT "C"

                                                                    5
1                    Det. George Mood - Direct
2                             MR. BROWN:   Number two is,
3   whatever requisition papers that there were that
4   existed six years ago are no longer valid.
5                             THE COURT:   And is there a
6   number three?
7                             MR. BROWN:   I think that would
8   probably -- and essentially, because of the
9   timeliness, they violated the remedial purposes of the
10  Act.
11                            THE COURT:   Very well.
12                            Is the Commonwealth ready to
13  respond with testimony or other evidence?
14                            MS. RICCA:   Yes, Your Honor.   We
15  have one witness, Your Honor.
16                            Commonwealth would call
17  Detective George Mood to the stand, please.
18                            - - -
19                            DETECTIVE GEORGE MOOD, having
20  been duly sworn, was examined and testified as
21  follows:
22                       DIRECT-EXAMINATION
23                            - - -
24  BY MS. RICCA:
25  Q.   Detective Mood, by whom are you employed?

                    EXHIBIT "C"

```
 1                  Det. George Mood - Direct
 2   A.   By the Montgomery County District Attorney.  I am
 3   assigned to the Detective Bureau as a Fugitive Unit
 4   investigator, have been so employed since September of
 5   2002.
 6   Q.   Do your duties include handling documents
 7   regarding the Interstate Agreement on Detainers?
 8   A.   Yes, involving that, and also under Uniform
 9   Criminal Extradition Act.
10                       MR. BROWN:  Your Honor, may we
11   have one moment to look at these.
12                       THE COURT:  All right, we'll
13   take a brief recess.  Let me know when you're ready.
14                       (A recess is taken.)
15                         - - -
16                       MR. BROWN:  Your Honor, if I
17   might, I would like to add one other ground after
18   speaking with Mr. Neely.  It is his position that the
19   Commonwealth -- not the Commonwealth, but the State of
20   Delaware must also, under Cuyler versus Sullivan --
21   excuse me -- Cuyler versus Adams, grant all of the
22   protections under the Uniform Criminal Extradition Act
23   also, and they have not done that, in particular
24   filing a governor's warrant here.  That is the
25   additional ground he has asked me to raise.
```

EXHIBIT "C"

```
                                                          7
1                    Det. George Mood - Direct
2                         THE COURT:  All right.  Proceed.
3                         MR. BROWN:  Your Honor, we have
4    already seen the exhibit that the Commonwealth is
5    showing.
6                         THE COURT:  Thank you.
7                         MS. RICCA:  Your Honor, there is
8    a copy on the bench, if you care to follow along.
9    BY MS. RICCA:
10   Q.   Detective, I am showing you a document that is
11   paper clipped and has a "1" in the upper corner.
12   Could you please identify that for the record.
13   A.   Yes.  Your Honor, this is a Form V under the
14   Agreement on Detainers Act, Request for Temporary
15   Custody, filed by the State of Delaware to the
16   attention of the State Correctional Institution at
17   Graterford.
18                        It says "James Jones, a/k/a
19   Brian Neely/Blane Neely," and dates of birth are
20   listed, in which the State of Delaware requests
21   temporary custody for disposition of open, untried
22   charges.  That's on the first page.
23                        The second page is a capias from
24   the State of Delaware, and that is a certified copy.
25                        The following pages are bills of
```

EXHIBIT "C"

8

1              Det. George Mood - Direct

2    indictment against Mr. Neely. The information I have

3    are all certified copies.

4                        The last page is a certified

5    copy of the fingerprints for a Jones, James that was

6    submitted along with that.

7                        These documents were received by

8    me on October 5, 2006. I time-stamped the envelope in

9    which I received these documents.

10   Q.   Detective, are these documents in the same

11   condition as when you received them on the date that

12   you opened that envelope and time-stamped it?

13   A.   Yes, they are.

14                        THE COURT:   What date did you

15   receive the documents?

16                        THE WITNESS:   October 26, 2005.

17   BY MS. RICCA:

18   Q.   Now, detective, after finding out that the

19   defendant wished a contested hearing, what did you do

20   with the last page attached to those certified

21   documents?

22   A.   I submitted that certified copy of a ten-print

23   card to Detective Lieutenant Bruce Saville of the

24   Montgomery County Detective Bureau, along with a known

25   copy of a ten-print card for Blane Neely, who was

$EXHIBIT"C"$

9

```
 1                    Det. George Mood - Direct
 2    incarcerated at State Correctional Institution at
 3    Graterford.
 4                         THE COURT:  All right, just stop
 5    a minute.
 6                         Mr. Brown, if your client
 7    disrupts the proceedings further, I'll terminate.  All
 8    right?
 9                         MR. BROWN:  Yes, Your Honor, I
10    understand.
11                         THE COURT:  Continue.
12    BY MS. RICCA:
13    Q.   Did you receive a report back from the Detective
14    Bureau?
15    A.   Yes, I did.
16                         MS. RICCA:  Your Honor, I
17    believe that is the basis for the identification
18    stipulation.  There is a document purported to be an
19    expert report --
20                         THE COURT:  He has stipulated
21    that identification is not the issue.
22                         MS. RICCA:  Yes, Your Honor.
23    I'm moving that into evidence, please.
24                         MR. BROWN:  I have no objection,
25    Your Honor.
```

EXHIBIT "C"

                                                                10
1                    Det. George Mood - Direct

2                    THE COURT:  Admitted.

3                         (The aforementioned documents,

4    consisting of ten pages and attached envelope, marked

5    Commonwealth Exhibit C-1 for identification and

6    admitted into evidence.)

7    BY MS. RICCA:

8    Q.   Now, detective, as you look through those

9    documents, they bear certain seals; is that correct?

10   A.   Yes, they do, except for page one, which is what

11   I was told is the original copy of the Form V, which I

12   received from the State of Delaware.  The Capias, the

13   Bills of Information or bills of indictment, which are

14   stapled together and stapled to the fingerprint card.

15   Q.   And they are certified; is that correct?

16   A.   Yes, they are.

17                    MS. RICCA:  Your Honor, I have

18   no further questions for him and I would move

19   Commonwealth Exhibit 1 into evidence.

20                    MR. BROWN:  No objection, Your

21   Honor.

22                    THE COURT:  You may

23   cross-examine.

24                    CROSS-EXAMINATION

25                         - - -

EXHIBIT "C"

```
                                                              11
 1               Det. George Mood - Cross

 2   BY MR. BROWN:

 3   Q.   Sir, have you had any contact with the State of

 4   Delaware regarding these documents, other than

 5   receiving them in the mail?

 6   A.   Yes, I did.

 7   Q.   Are you aware that they filed a Form V request in

 8   their court back on June 2, 2000?

 9   A.   I'm aware that a Form V was filed with the

10   Pennsylvania Department of Corrections, and the

11   original document was not in the Delaware file;

12   therefore, a new original Form V was issued and signed

13   by the judge in New Castle County, New York, a John

14   E. --

15                    THE COURT:   Not New York, sir.

16                    THE WITNESS:   I'm sorry, New

17   Castle County, Delaware, and that was dated 2/8/05.

18   BY MR. BROWN:

19   Q.   But as far as you know there was a document that

20   was filed in that court.   Would you have any reason to

21   disagree with the assertion that it was filed back in

22   2000?

23   A.   I do know that -- I was told that there was a

24   document filed earlier, to wit the date I am not

25   aware.   But I was told there was a document filed
```

EXHIBIT "C"

# IN THE COURT OF COMMON PLEAS
## COUNTY OF MONTGOMERY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA          :          CP-46-MD-0000575-2006
*Ex Rel the State ofDelaware*
                        vs.          :

**Blane Neeley a/k/a James Jones**          :
**SCI Graterford # GE0655**

## ORDER

AND NOW, this __15__ day of June, 2006, the Court finds that the State of Delaware has fulfilled the requirements of the Interstate Agreement on Detainers Act (IADA), as codified by both Pennsylvania at P.A.C.S. §9101 et seq., and the State of Delaware at 11 Del. C., Chap. 25, §2540 et seq. The Court is satisfied that the accused named in the Request for Temporary Custody, Form 5, is the defendant/prisoner being held at the State Correctional Institution, Graterford.

IT IS HEREBY ORDERED AND DIRECTED that, pursuant to the provision of the Interstate Agreement on Detainers Act, the State of Delaware be given temporary custody of Blane Neeley a/k/a James Jones, to answer the criminal charges in that Jurisdiction.

IT IS FURTHER ORDERED that the Superintendent of the State Correctional Institution, Graterford shall proceed with arrangements for the transfer and temporary custody of the defendant to the demanding State of Delaware, County of New Castle, pursuant to the provisions of the Interstate Agreement on Detainers Act.

BY THE COURT:

William R. Carpenter, J.

cc:    District Attorney (File) – ADA Karen Ricca, Esq
        Defendant Attorney – Jerome Brown Esq., 1628 JFK Blvd, Suite 1000, 8 Penn Center, Phila PA 19103
        Defendant
        Warden, SCI Graterford



EXHIBIT "D"



# The Superior Court of Pennsylvania
## Office of the Prothonotary

530 WALNUT STREET
THIRD FLOOR, SUITE 315
PHILADELPHIA, PENNSYLVANIA 19106

KAREN REID BRAMBLETT, ESQUIRE
   PROTHONOTARY

(215) 560-5800
WEBSITE: www.superior.paccourts.us

CHARLES E. O'CONNOR, JR., ESQUIRE
   DEPUTY PROTHONOTARY

February 9, 2007

Mr. Blane Neely
GE-0655
Box 244
Graterford, PA 19426

      **RE:  Commonwealth, Ex Rel. Blane Neely, a/k/a James Jones v.
David Digugliemo, Superintendent, SCI Graterford, PA
No. 1975 EDA 2006**

Dear Mr. Neely:

      Enclosed please find a copy of the docket in your appeal. The
information you are seeking regarding your appeal is contained therein.

                   Very truly yours,

                   Charles E. O'Connor, Jr
                   Deputy Prothonotary

CEO/ldr
Enclosure

EXHIBIT "E"

# Appeal Docket Sheet

**Superior Court of Pennsylvania**

**Docket Number:**   **1975 EDA 2006**

**Page 1 of 5**

**February 9, 2007**

---

Commonwealth of Pennsylvania, Ex Rel. Blane Neely, a/k/a James Jones

v.

David Digugliemo, Superintendent, SCI--Graterford, Pennsylvania

Appeal of: Blane Neely

---

Initiating Document: Notice of Appeal

Case Status:          Closed

Case Processing Status:   January 3, 2007                    Completed

Journal Number:

Case Category:        Criminal                    CaseType:          Criminal

---

**Consolidated Docket Nos.:**                    **Related Docket Nos.:**

---

**SCHEDULED EVENT**

Next Event Type: Case Closed                              Next Event Due Date:

Next Event Type: Receive Appellee Paperbooks              Next Event Due Date:

Next Event Type: Receive Appellant Paperbooks             Next Event Due Date:

Next Event Type: Case Gone to Court (Date of              Next Event Due Date:
Argument/Submission Passed)

Next Event Type: Case Initiation                          Next Event Due Date: July 31, 2006

EXHIBIT "E"

**Appeal Docket Sheet**                                    **Superior Court of Pennsylvania**

**Docket Number:**        **1975 EDA 2006**

**Page 2 of 5**
**February 9, 2007**



---

## COUNSEL INFORMATION

| | |
|---|---|
| **Appellant** | Neely, Blane |
| Pro Se: | Appoint Counsel Status:  Counsel Appointed |
| IFP Status: | |

**Appellant Attorney Information:**

Attorney:      Hylan, Joseph John

Bar No.:      20622                    Law Firm: Montgomery County Public Defender's Office
Address:      Montgomery Co Courthouse
              Norristown, PA 19404

Phone No.: (610)278-3318          Fax No.:

Receive Mail: Yes

E-Mail Address:

Receive E-Mail:  No

---

| | |
|---|---|
| **Appellee** | Commonwealth of Pennsylvania |
| Pro Se: | Appoint Counsel Status: |
| IFP Status: | |

**Appellee Attorney Information:**

Attorney:      Castor Jr., Bruce Lee

Bar No.:      46370                    Law Firm: Montgomery County District Attorney's Office
Address:      Swede & Airy Sts PO Box 311
              Norristown, PA 19404-0311

Phone No.: (610)278-3090          Fax No.: (610)292-4950

Receive Mail: Yes

E-Mail Address:  bcastor@mail.montcopa.org

Receive E-Mail:  Yes

---

Attorney:      Killinger, Mary MacNeil

Bar No.:      27578                    Law Firm: Montgomery County District Attorney's Office
Address:      Swede & Airy PO Box 311
              Norristown, PA 19404-0311

Phone No.: (610)278-3102          Fax No.: (610)278-3841

Receive Mail: No

E-Mail Address:

Receive E-Mail:  No

---

## FEE INFORMATION

| Fee Date | Fee Name | Fee Amt | Paid Amount | Receipt Number |
|---|---|---|---|---|
| 7/31/06 | Notice of Appeal | 60.00 | 60.00 | 2006SPRED001346 |

---

## TRIAL COURT/AGENCY INFORMATION

Court Below:    Montgomery County Court of Common Pleas

County:        Montgomery                    Division:        Criminal
Date of Order Appealed From:  June 15, 2006              Judicial District:  38

2/9/2007                    EXHIBIT "E"                    **4039**

**Appeal Docket Sheet**                                    **Superior Court of Pennsylvania**

**Docket Number:**      1975 EDA 2006

**Page 3 of 5**
**February 9, 2007**

| | |
|---|---|
| Date Documents Received:      July 31, 2006 | Date Notice of Appeal Filed: July 13, 2006 |
| Order Type: Order Entered | OTN: |
| Judge:      Carpenter, William R. | Lower Court Docket No.:  CP-46-MD-0000575-06 |
|      Judge | |

## ORIGINAL RECORD CONTENTS

| Original Record Item | Filed Date | Content/Description |
|---|---|---|
| RECORD | August 28, 2006 | 1 VOL TESTIMONY |
| EXHIBITS | August 28, 2006 | 1 ENV FILED |

Date of Remand of Record:      1/3/2007  11:14:56AM

### BRIEFS

**Appellant**
 **Brief**
  **Neely, Blane**

EXHIBIT "E"

**Appeal Docket Sheet**

**Superior Court of Pennsylvania**

**Docket Number:      1975 EDA 2006**

**Page 4 of 5**

**February 9, 2007**



| DOCKET ENTRIES | | | |
|---|---|---|---|
| **Filed Date** | **Docket Entry/Document Name** | **Party Type** | **Filed By** |
| July 31, 2006 | Notice of Appeal Filed | | |
| | | Appellant | Neely, Blane |
| July 31, 2006 | Docketing Statement Exited (Criminal) | | |
| | | | Bramblett, Karen Reid |
| August 10, 2006 | Docketing Statement Received | | |
| | | Appellant | Neely, Blane |
| August 28, 2006 | Trial Court Record Received | | |
| | | | Lower Court or Agency |
| 8/28/06 - RECORD ALSO ON C.D. | | | |
| September 22, 2006 | Other | | |
| | MOTION TO FILE HAND WRITTEN BRIEF OR | | |
| | | Appellant | Neely, Blane |
| ALTERNATIVELY APPOINTMENT OF COUNSEL TO FILE BRIEF BY LEAVE OF COURT | | | |
| October 10, 2006 | Appellant's Brief Filed | | |
| | | Appellant | Neely, Blane |
| *STRICKEN - SEE ORDER DATED 11/20/06 | | | |
| October 12, 2006 | Submitted on Brief | | |
| | | | O'Connor, Jr., Charles E. |
| October 16, 2006 | Order | | |
| | | | Per Curiam |

UPON CONSIDERATION OF THE APPELLANT'S PRO SE "MOTION TO FILE HANDWRITTEN BRIEF OR ALTERNATIVELY APPOINTMENT OF COUNSEL TO FILE BRIEF BY LEAVE OF COURT," THE TRIAL COURT IS DIRECTED TO DETERMINE THE APPELLANT'S ELIGIBILITY FOR COURT-APPOINTED COUNSEL WITHIN (30) DAYS OF THE DATE THAT THIS ORDER IS FILED.  IF THE APPELLANT IS FOUND TO BE ELIGIBLE, THEN THE TRIAL COURT SHALL APPOINT COUNSEL FOR THE APPELLANT IN CONNECTION WITH THIS APPEAL.  THE TRIAL COURT SHALL IMMEDIATELY NOTIFY THE PROTHONOTARY OF THIS COURT OF THE APPOINTMENT OF COUNSEL OR OF ITS DETERMINATION OF INELIGIBILITY.  THE COMMONWEALTH'S BRIEFING SCHEDULE IS VACATED.  A NEW BRIEFING SCHEDULE WILL BE ESTABLISHED AFTER THIS COURT IS NOTIFIED OF THE TRIAL COURT'S DETERMINATION.  THE PROTHONOTARY IS DIRECTED TO PROVIDE THE TRIAL COURT WITH A COPY OF THE APPELLANT'S MOTION FOR REFERENCE PURPOSES.  *(CERT. COPY OF ORDER W/MOTION EXIT TO L/C JUDGE & CLERK)

| October 19, 2006 | Praecipe for Appearance | | |
| | Praecipe for Appearance Hylan, Joseph John | | |
| | | Appellant | Neely, Blane |
| October 24, 2006 | Application for Appointment of Counsel | | |
| | FROM DIFFERENT VENUE BY LEAVE OF THE COURT | | |
| | | Appellant | Neely, Blane |
| November 20, 2006 | Order | | |
| | | | Per Curiam |

EXHIBIT "E"

4039

**Appeal Docket Sheet**                                    **Superior Court of Pennsylvania**

**Docket Number:**    **1975 EDA 2006**

**Page 5 of 5**

**February 9, 2007**



PRO SE "MOTION FOR APPOINTMENT OF COUNSEL FROM DIFFERENT VENUE BY LEAVE OF THE COURT" IS DENIED. THE PRO SE BRIEFS FILED BY THE APPELLANT ON 10/10/06 ARE HEREBY STRICKEN, AND THE COURT CRIER SHALL RETURN THOSE BRIEFS TO THE APPELLANT SINCE THE TRIAL COURT HAS APPOINTED THE PUBLIC DEFENDER OF MONTGOMERY COUNTY TO REPRESENT THE APPELLANT IN CONNECTION WITH THIS APPEAL.

| November 27, 2006 | Application for Discontinuance |
|---|---|
| | PETITION FOR PERMISSION TO DISCONTINUE APPEAL AS MOOT |

                                  Appellant      Neely, Blane

| January 3, 2007 | Order Granting Application for Discontinuance |
|---|---|

                                                Per Curiam

AS MOOT.

*CERT. COPY OF ORDER W/ RECORD, (1) VOL. OF TEST. & (1) ENV. OF EXHIBITS EXIT TO L/C.

| January 3, 2007 | Remitted |
|---|---|

                                            Bramblett, Karen Reid

EXHIBIT "E"

Mr. Blane Neely GE0655
SCI-Graterford
P. O. Box 244
Graterford, PA 19426



CERTIFIED MAIL

7006 0100 0003 8947 5071

PA-DEPARTMENT

U.S.M.S.
X-RAY

Michael E. Kun
Clerk of the Co
United States D
2609, U.S. Court
601 Market S
Philadelphia, PA


U.S.