IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FORM FOR USE IN APPLICATIONS FOR HABEAS CORPUS UNDER 28 U.S.C. § 2254
(eff. 12/1/04)

**BLANE NEELY** _____ PETITIONER

(Full Name)    (Include name under which you were convicted)

**07 -0103**

vs.                    Case No. CP-46-575-2006

(Supplied by the Court)

**DAVID DIGUGLIELIMO, et al.** _____ RESPONDENT

(Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner)

and

THE DISTRICT ATTORNEY OF THE COUNTY OF __**MONTGOMERY, PA/**__

and

THE ATTORNEY GENERAL OF THE STATE OF __**PENNSYLVANIA**__

ADDITIONAL RESPONDENT

**BLANE NEELY** _____ **GE-0655**

Name                         Prison Number

__**STATE CORRECTIONAL INSTITUTION -AT-GRATERFORD PENNSYLVANIA**__ [1]

Place of Confinement

(If petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. § 2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

INSTRUCTIONS-READ CAREFULLY

1. You must include all potential claims and supporting facts for which you might desire to seek review because a second or successive habeas corpus petition cannot be filed except under very specific and rare circumstances requiring certification by the Third Circuit Court of Appeals as set forth in instruction # 13.

2. Your habeas corpus petition must be filed within the 1-year statute of limitations time limit set forth in 28 U.S.C. §2244(d)(1). (There are limited circumstances in which the petition may be amended, within the one-year time period, to add additional claims or facts, see Federal Rules of

1. Footnote:
The Petitioner Blane Neely, a/k/a James Jones SBI#416474 is currently housed at the Howard R. Young Correctional Institution at 1301 E. 12th Street, Wilmington, Delaware 19809

Civil Procedure 15; or amended after the one-year period expires, in order to clarify or amplify claims which were timely presented, see United States v. Thomas, 221 F. 3d 430 (3d Cir.2000.)

    3. Any false statement of a material fact in your petition, in a motion for leave to proceed in forma pauperis, or in any other motion you file in this case may serve as the basis for prosecution and conviction for perjury.

    4. This petition must be typewritten, printed, or legibly handwritten and signed by you as the petitioner or by your representative on Page 11. You should answer all questions concisely in the proper space of the petition. If you need more room to answer any question, you may write on the reverse blank sides of the petition.

    5. You may not attach additional pages to the petition. You do not have to list or cite the cases or law that you are relying on. If you do want to cite the cases and law you are relying on and make legal arguments, you should do so in a separate concise brief or memorandum which should be filed along with the petition.

    6. When you file your petition, you must include a filing fee of $5.00. If you cannot pay the full filing fee, you must request permission to proceed in forma pauperis as explained in instruction # 8.

    7. Your petition will be filed if you have followed these instructions and it is in proper order.

    8. To request permission to proceed in forma pauperis without paying the full filing fee, you must completely fill out pages 12 through 18 of the petition. You should answer all questions and sign where indicated on Pages 12 and 18. You should see to it that an authorized prison official completes the certification on Page 19. You must prove that you cannot pay the full filing fee and other costs because of poverty and a discharge in bankruptcy will not excuse you from this requirement. The Court will let you know if you may proceed in forma pauperis.

    9. Only final judgments entered by one state court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

    10. As required by 28 U.S.C. § 2254(b)(1), you must have exhausted all claims that you are making in your petition. This means that every claim must have been presented to each level of the state courts. If you file a petition that contains claims that are not exhausted, the federal court will dismiss your petition. 28 U.S.C. § 2254(b)(2) provides that if it is perfectly clear that no colorable claims are presented, the federal court can also deny your petition on the merits.

    11. As required by 28 U.S.C. § 2254(e)(1), a federal court, when considering your habeas corpus petition, must deem as correct a determination of fact made by a state court unless you rebut the presumption of correctness by clear and convincing evidence. Under 28 U.S.C. § 2254(e)(2), if

2

you have failed to develop the factual basis of a claim in state court proceedings, a federal court cannot hold an evidentiary hearing on that claim unless you show that:

> (i) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the U.S. Supreme Court, that was previously unavailable, or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.
>
> You must also show that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found you guilty of the offense in question.

12. As required by 28 U.S.C. § 2244(b)(1), a federal court must dismiss any claim in a second or successive habeas corpus petition that *was* presented in a prior habeas corpus petition.

13. As required by 28 U.S.C. § 2244(b)(2), a federal court must dismiss any claim in a second or successive habeas corpus petition that *was not* presented in a prior habeas corpus petition unless you show:

> (A) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the U.S. Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found you guilty of the offense in question.
>
> Before such a second or successive petition may be filed in the district court, however, the petitioner must move the court of appeals for an Order authorizing the district court to consider the petition. Petitioner's motion for such an Order must be determined by a three judge panel of the court of appeals, which must grant or deny the motion within 30 days. The court of appeals may grant the motion only if it determines that the petition makes a prima facie showing that it satisfies either (A) or (B) above.

14. 28 U.S.C. § 2254(i) provides that ineffectiveness of counsel during post-conviction, habeas corpus and P.C.R.A. proceedings in state or federal court may not be grounds for relief in your petition.

15. When the petition is fully completed, the **original and four copies** must be mailed to the **Clerk of the United States District Court, Room 2609, 601 Market Street, Philadelphia, PA 19106.** You must return all pages, including these instructions.

3

## PETITION

1. (a)  Name and location of court which entered the judgment of conviction under attack: _____

**THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY PENNSYLVANIA**

(b)  Name of Prosecutor: **KAREN RICCA, ESQ., ASSISTANT DISTRICT ATTORNEY**

(c)  Prosecution conducted by District Attorney's Office of ___**MONTGOMERY**___
County

2. (a)  Date of Judgment of conviction: **EXTRADITION ORDERED JUNE 15, 2006**
                                                              **STATE OF DELAWARE V. BLANE NEELY AKA**
(b)  Indictment number or numbers: __**JAMES JONES,**__
                                                              **INDICTMENT NO. 9908003661**
Term: _____ Criminal Case Number **CP-46-MD-575-2006**

3. Length of sentence: **EXTRADITED** _____ Sentencing Judge **WILLIAM R. CARPENTER**
                                                                                            **STATE OF DELAWARE GIVEN**
4. Nature of offense or offenses for which you were convicted: _____

**TEMPORARY CUSTODY UNDER THE INTERSTATE AGREEMENT ON DETAINER**

**ACT.** _____

5. What was your plea? (Check one)
(a) Not guilty ( )  (b)  Guilty ( )  (c)  Nolo contendere ( ) **(CONTESTED EXTRADITION.)**

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or
indictment, give details: _____

_____

_____

6. **If you pleaded not guilty**, what kind of trial?: (Check one)  (a) Jury ( )   (b) Judge only ( )

7. Did you testify at the trial?  Yes ( )  No ( )
                                                  **( EXTRADITION)**
8. Did you appeal from the judgment of conviction?  Yes (**X**)  No ( )

9. If you did appeal, answer the following:

4

(a) Name of court: **SUPERIOR COURT OF PENNSYLVANIA**

(b) Result: ~~REVERSED~~ **PETITIONER WAS ILLEGALLY EXTRADITED BEFORE THE JUDGMENT TO EXTRADITE PETITIONER WAS ADJUDICATED BY THE SUPERIOR COURT OF PA.**

(c) Date of result and citation, if known: _____

(d) Grounds raised: **STATE OF DELAWARE VIOLATED THE INTERSTATE**

**AGREEMENT ON DETAINERS ACT, ARTICLE IV,V** _____

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:
   (1) Name of court: _____

   (2) Result: _____

   (3) Date of result and citation, if known: _____

   (4) Grounds raised: _____

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court: _____

   (2) Result: _____

   (3) Date of result and citation, if known: _____

   (4) Grounds raised: _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?    Yes ( )  No ( )

11. If your answer to 10 was "yes," give the following information.

   (a)  (1) Name of Court: _____

        (2) Nature of proceeding: _____

   _____

5

(3)  Grounds raised: _____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ( )  No ( )

(5)  Result: _____

(6)  Date of result: _____

(7) Did you appeal the result to a higher court?    Yes ( )  No ( )

Court Name(s) _____

Result(s) _____

Result Date(s) _____

(b) As to any second petition, application or motion give the same information:

(1) Name of Court: _____

(2) Nature of proceeding: _____

_____

(3)  Grounds raised: _____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ( )  No ( )

(5)  Result: _____

_____

_____

6

(6) Date of result:_____

(7) Did you appeal the result to a higher court?    Yes ( )  No ( )

Court Name(s)_____

Result(s)_____

Result Date(s)_____

(c) As to any third petition, application or motion give the same information:

(1) Name of Court:_____

(2) Nature of proceeding:_____

_____

(3) Grounds raised:_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ( )  No ( )

(5) Result:_____

_____

_____

(6) Date of result:_____

(7) Did you appeal the result to a higher court?    Yes ( )  No ( )

Court Name(s)_____

Result(s)_____

Result Date(s)_____

7

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Give specific facts supporting each ground.

*CAUTION*: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

For information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

8

A. Ground one:_____

_____

Supporting FACTS (state *briefly* without citing cases or law):

_____

_____

_____

B. Ground two:_____

_____

Supporting FACTS (state *briefly* without citing cases or law):

_____

_____

_____

C. Ground three:_____

_____

Supporting FACTS (state *briefly* without citing cases or law):

_____

_____

_____

D. Ground four:_____

_____

Supporting FACTS (state *briefly* without citing cases or law):

_____

9

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

_____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?        Yes ( )   No ( X )

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

**(EXTRADITION HEARING)**
(a)  At preliminary hearing:____ **MR. JEROME M. BROWN, ESQUIRE** _____

  **1628 J.F.K. BLVD., SUITE 1000, PHILADELPHIA, PA.   19103**

(b)  At arraignment and plea:_____

  _____

(c)  At trial:_____

  _____

(d)  At sentencing:_____

  _____

(e)  On appeal:_____

  _____

(f)  In any post-conviction proceeding:_____

(g)  On appeal from any adverse ruling in a post-conviction proceeding :_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ( )  No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?                    Yes ( )  No ( )

    (a)  If so, give name and location of court which imposed sentence to be served in the future:

    _____

    _____

    (b) And give date and length of  sentence to be served in the future: _____

    _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?    Yes ( )  No ( )

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _January 3 2007_     _Blane Neely_
                Date                    Petitioner's Signature or
                                  Signature of Petitioner's Representative

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

11

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BLANE NEELY,<br>    PETITIONER | : CIVIL ACTION |
| | : |
| VS. | : |
| | : |
| DAVID DIGUGLIELMO SUPT.,et al<br>    RESPONDENTS | : NO. _____ **07 — 0105** |

**MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR
WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254**

TO: THE HONORABLE JUDGES/JUDGES OF THE ABOVE-SAID COURT:

The Petitioner, Blane Neely, Pro-se, that Writ of Habeas Corpus be granted for the reasons that follows:

1. Petitioner is an inmate currently housed at the State Correctional Institution, Graterford, in Graterford, Pennsylvania.

2. The State of Delaware has sought to remove Petitioner pursuant to the Interstate Agreement on Detainers (IAD) in the matter of <u>State of Delaware V. James Jones</u>, Indictment No. 9908003661, which involves an incident that occurred on or about August 4, 1999. (See enclosed record attached hereto.)

3. The Docket Entries of The Superior Court of Delaware records reflect that subsequent to release on bond, the Petitioner was incarcerated at Graterford Prison which the State of Delaware became aware of on March 8, 2000. <u>See:</u> Exhibit "A" attached, Docket Entry #18.

4. As a result of being notified that Petitioner was now incarcerated in Pennsylvania at SCI-Graterford, the State of Delaware on June 2, 2000 filed a "<u>Form 5</u>" Request for

1

Temporary Custody. <u>See:</u> Exhibit "A", attached, Docket Entry #24.

5. The State of Delaware after making the <u>Form 5</u> written Request For Temporary custody on June 2, 2000 triggering obligations and protections under IAD and pursuant to Article IVand V of that act, the State of Delaware did not proceed; fail to accept temporary custody and to try Petitioner in 120 days.

6. The State of Delaware made a second <u>Form 5</u> Request For Temporary Custody on February 8, 2005 which was signed by a judge in Delaware but that said request was not mailed to the District Attorney's Office in Pennsylvania until October 26, 2005, over eight months later; again the State of Delaware did not proceed; failed to accept Temporary Custody and to try Petitioner in 120 days after triggering State of Delaware's obligations and Petitioners protections under IAD. <u>See:</u> Exhibit "B", State of Delaware "Second Form 5" Request for Temporary Custody.

7. The State of Delaware has violated the Interstate Agreement on Detainers Act, Article IV and V(c), where State of Delaware failed to commence extradition proceedings and failed to accept temporary custody after filing "Form 5" initiating transfer...the 120 day period of Article IV, is triggered...Upon presentation of a written request for temporary custody or availability and was sufficient to the trigger the State of Delaware's obligation pursuant to Article IV of the IAD to bring

2

Appellant to trial in a 120 days.  <u>See:</u>  <u>Commonwealth v. Davis,</u>
567 Pa. 135, 138-39, 786 A.2d 173, 175 (2001);  Article IV of
the IAD provides the procedure by which the prosecutor in the
requesting State initiates the transfer:

      (a)    The appropriate officer of the jurisdiction
in which an untried indictment, information or complaint is
pending shall be entitled to have a prisoner against whom he
has lodged a detainer and who is serving a term of imprisonment
in any party state made available in accordance with Article
V(a) hereof upon presentation of a written request for temporary
custody or availability to the appropriate authorities of the
state in which the prisoner is incarcerated.

      8.    Pursuant to INTERSTATE Agreement on Detainer Act.
Article V(c), "If the appropriate authority shall refuse or
<u>fail to accept temporary custody of said person</u>, or in the event
that an action on the indictment, information, or complaint
on the basis of which the detainer has been lodged is not brought
to trial within the period provided in Article III or Article
IV hereof, the appropriate Court of jurisdiction where the
indictment, information, or complaint has been pending shall
enter an order dismissing the same with prejudice and any
detainer based thereon shall cease to be of any force or effect."

      9.    The State of Delaware again further violated the IAD
by presenting the February 8th 2005 "second" Form 5 Request
for Temporary Custody, as requisition papers at Petitioner's
Extradition Hearings on June 5th 2006 before Judge Thomas Del

3

Ricci and June 13th before Judge William R. Carpenter, in the Court of Common Pleas of Montgomery County, Courtroom 6, which made the requisition untimely and invalid, Requisition Papers was not in the proper order. <u>See:</u> Exhibit "B" attached, State of Delaware Second Requisition Papers which were presented as Third Requisition.

10.  <u>See: Commonwealth v. Mayle</u>, 788 A.2d 677 (Pa. Super. 2001), the court cited the following language from <u>Commonwealth v. Thornhill</u>, 441 Pa. Super. 382, 601 A.2d 842, 846 (Pa. Super. 1992) to set forth the policies under the act:

> "The policy of the Interstate Agreement on Detainers is to encourage the expeditious and orderly disposition of charges and its purpose is to promote and foster prisoner treatment and rehabilitation programs by eliminating uncertainties which accompany the filing of detainer. <u>Commonwealth v. Fisher</u> 451 Pa. 102, 106, 301 A.2d 605, 607 (1973....Because the legislation is remedial in character, it is to be liberally construed in favor of the prisoner so as to effectuate its purpose. Commonwealth v. Merlo, supra at 522, 364 A.2d at 394."

<u>Mayle,</u> 780 A.2d at 682.

11. To permit the State of Delaware to extradite Petitioner over six years after they filed the request to have him transferred will violate the remedial purpose under the IAD act, and also; the due process and equal protection clause of the 14th Amendment of the U.S. Constitution.

This Honorable Court should not reward the utter lack of due diligence by the State of Delaware by permitting them to remove Petitioner after this passage of time and procedural

4

default, its failure to try him within a 120 days of the requests has denied the State of Delaware the right to try Petitioner.

Testimony before the Honorable William E. Carpenter on June 13, 2006 reflected that the State of Delaware did not proceed on its first Form 5 request for Temporary Custody in the year 2000 under the Interstate Agreement on Detainer Act but made a second request on February 8, 2005 and the request made before Judge Carpenter was the third requisition.

Nonetheless, the court erroneously signed on order transferring the Petitioner to Delaware on June 15, 2006. See: Exhibit "C", Order of Judge William E. Carpenter, attached.

The Petitioner filed a Notice of Appeal to the Superior Court on July 7, 2006, along with a "Petition for Stay From Extradition and for a Writ of Habeas Corpus". Petitioner Brief was returned ~~which was denied~~ on November 20 Th , 2006. See: Exhibit "D", Order for the Superior Court of Pennsylvania.

**WHEREFORE**, for all the foregoing reasons, it is respectfully requested that this Honorable Court grant this petition for a Writ of Habeas Corpus and dismiss Criminal Complaint and charges with prejudice; in the interest of judicial efficiency.

Respectfully submitted,

*Blane Neely*

Blane Neely, GE-0655
Petitioner Pro se
SCI Graterford P.O. BOX 244
Graterford, Pa.  19426-0244

DATED: January 3rd, 2007

5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BLANE NEELY, | : CIVIL ACTION |
|      PETITIONER | : |
| | : |
|      VS. | : |
| | : |
| DAVID DIGUGLIELMO SUPT.,et al | : NO. _____ |
|      RESPONDENTS | : |

## PROOF OF SERVICE

I, Blane Neely, hereby certify that on this date _January_ _3rd_, 2006, I have served the forgoing "MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. at 2254" upon the following by FIRST CLASS MAIL TO:

(4 copies) N/A
(The Original)

Michael E. Kunz,
Clerk of the United States
District Court, Room 2609,
601 Market Street
Philadelphia, Pa.   19106

_Blane Neely_

Blane Neely, Pro Se
Inmate No. GE-0655
Petitioner Pro-se
P.O. Box 244
Grateford. PA   19426-0244

DATED:   _January 3rd,_ 2007

6

SUPERIOR COURT CRIMINAL DOCKET                    Page    3
( as of  12/10/2003 )

State of Delaware v.  JAMES JONES                              DOB: 02/02/1958
State's Atty: PAUL R WALLACE , Esq.          AKA: JIMMY JONES
Defense Atty: RALPH D WILKINSON , Esq.            JIMMY JONES

```
        Event
No.     Date            Event                                    Judge
----------------------------------------------------------------------------
18    03/08/2000
        LETTER FROM TIMOTHY WILLARD, ESQ. TO SANDY AUTMAN EXPLAINING THAT
        DEF. HAS BEEN LOCATED AT GRATERFORD PRISON IN PENN. ON BEHALF OF
        CAPITAL BONDING, HE INTENDS TO FILE A MOTION TO BE RELIEVED AS BONDS-
        PERSON AND RELIEVED OF FINAL $15,000 FORFEITURE PAYMENT.      SHA
19    03/22/2000
        BAIL FORFEITED IN THE AMOUNT OF $15,000.00 3RD INSTALLMENT.
20    04/10/2000
        MOTION TO SET ASIDE OR REMIT FORFEITURE OF BOND AND EXONERATE BOND
        LIABILITY FILED.
        TIMOTHY WILLARD, ESQ.
21    05/01/2000                                          STOKES RICHARD F.
        MOTION TO SETASIDE OR REMIT FIRFEITURE OF BOND & EXONERATE BOND
        LIABILITY GRANTED.
22    05/11/2000
        MOTION TO SET ASIDE OR REMIT FORFEITURE OF BOND AND EXONERATE BOND
        LIABILITY FILED.
        TIMOTHY WILLIARD, ESQ.
23    05/22/2000                                          QUILLEN WILLIAM T.
        MOTION TO SET ASIDE OR REMIT FORFEITURE OF BOND AND EXONERATE BOND
        LIABILITY DENIED.
24    06/02/2000
        AGREEMENT ON DETAINERS.
        FORM 5 FILED: REQUEST FOR TEMPORARY CUSTODY

            *** END OF DOCKET LISTING AS OF  12/10/2003 ***
                PRINTED BY: CSCCHEI
```

EXHIBIT "A"



**New Castle County**
**Superior Court I.D. No. 9908003361**

### AGREEMENT ON DETAINERS – FORM V
Request for Temporary Custody

TO:    Records Specialist        State Correctional Institution – Graterford

P.O. Box 246, Rt. 29, Graterford, PA 19426

Please be advised that **James Jones a.k.a. Brian Neeley/Blane Neeley; DOB 2/2/1958 & 2/2/1952,** who is presently an inmate of your institution, is under (indictment, information, or complaint) in the State of Delaware of which I am the Deputy Attorney General.

Said inmate is therein charged with the offense(s) enumerated below:

**I.D. No. 9908003361** – Kidnapping Second Degree; 2 counts of Possession of a Deadly Weapon by a Person Prohibited; 4 counts of Possession of a Firearm During the Commission of a Felony; Robbery First Degree; Conspiracy Second Degree; Possession of a Weapon with a Removed, Obliterated, or Altered Serial Number; and Resisting Arrest.

I propose to bring this individual to trial on this (indictment, information or complaint) within the time specified in Article IV(c) of the Agreement.

In order that proceedings in this matter may be properly had, I hereby request temporary custody of such individual pursuant to Article IV(a) of the Agreement on Detainers.

I hereby agree that immediately after trial is completed in this jurisdiction, I will return the inmate directly to you or allow any jurisdiction you have designated to take temporary custody. I also agree to complete the Form IX, the Notice of Disposition of a Detainer, immediately after trial.

Signed: _____
Peter N. Letang

Title:    Chief Prosecutor _____

I hereby certify that the person whose signature appears above is an appropriate officer within the meaning of Article IV(a), the facts recited in this request for temporary custody are correct, and that having duly recorded said request I hereby transmit it for action in accordance with its terms and the provisions of the Agreement on Detainers.

Dated: 2/8/05               Signed: John E Bolroy
                                    Judge

EXHIBIT "B"

# IN THE COURT OF COMMON PLEAS
## COUNTY OF MONTGOMERY, PENNSYLVANIA
### CRIMINAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CP-46-MD-0000575-2006 |
| *Ex Rel the State of Delaware* | | |
| vs. | : | |
| | | |
| Blane Neeley a/k/a James Jones | : | |
| SCI Graterford # GE0655 | | |

## ORDER

**AND NOW,** this  15  day of June, 2006, the Court finds that the State of Delaware
has fulfilled the requirements of the Interstate Agreement on Detainers Act (IADA), as codified
by both Pennsylvania at PA.C.S. §9101 et seq., and the State of Delaware at 11 Del. C., Chap.
25, §2540 et seq. The Court is satisfied that the accused named in the Request for Temporary
Custody, Form 5, is the defendant/prisoner being held at the State Correctional Institution,
Graterford.

IT IS HEREBY ORDERED AND DIRECTED that, pursuant to the provision of the
Interstate Agreement on Detainers Act, the State of Delaware be given temporary custody of
Blane Neeley a/k/a James Jones, to answer the criminal charges in that Jurisdiction.

IT IS FURTHER ORDERED that the Superintendent of the State Correctional
Institution, Graterford shall proceed with arrangements for the transfer and temporary custody of
the defendant to the demanding State of Delaware, County of New Castle, pursuant to the
provisions of the Interstate Agreement on Detainers Act.

BY THE COURT:

_____

William R. Carpenter, J.

cc:    District Attorney (File) -- ADA Karen Ricca, Esq
       Defendant Attorney -- Jerome Brown Esq., 1628 JFK Blvd, Suite 1000, 8 Penn Center, Phila PA 19103
       Defendant
       Warden, SCI Graterford



EXHIBIT "C"



## The Superior Court of Pennsylvania
### Office of the Prothonotary

530 WALNUT STREET
THIRD FLOOR, SUITE 315
PHILADELPHIA, PENNSYLVANIA 19106

KAREN REID BRAMBLETT, ESQUIRE
  PROTHONOTARY

(215) 560-5800
WEBSITE: www.superior.pacourts.us

CHARLES E. O'CONNOR, JR., ESQUIRE
  DEPUTY PROTHONOTARY

November 20, 2006


Blane Neely a/k/a James Jones, #416474
Howard R. Young Correctional Inst.
1301 East 12th Street
Wilmington, DE 19809

> Re:  Commonwealth of Pennsylvania v. Ex Rel. Blane Neely,
>      a/k/a James Jones v. David Digugliemo, etc.
>      Appeal of: Blane Neely
>      **No. 1975 EDA 2006**

Dear Mr. Neely:

This is to advise that the attached **Order** has been entered in the above-captioned matter.


Very truly yours,

Karen Reid Bramblett
Prothonotary


KRB:pf
Attachment:
Cc: Bruce L. Castor, Jr., Esquire
    Joseph J. Hylan, Esquire


EXHIBIT "D"

COMMONWEALTH OF PENNSYLVANIA :   IN THE SUPERIOR COURT OF
EX REL. BLANE NEELY, A/K/A     :          PENNSYLVANIA
JAMES JONES                  :
          v.               :
                          :
DAVID DIGUGLIEMO,         :
SUPERINTENDENT, SCI-GRATERDORD,
PENNSYLVANIA            :
                          :   No. 1975 EDA 2006
APPEAL OF: BLANE NEELY     :   (C.P. Montgomery County
                              No. 46-MD-0000575-06)

Filed: NOV 2 0 2006

## O R D E R

       The Appellant's *pro se* "Motion for Appointment of Counsel from Different Venue By Leave of the Court" is denied. The *pro se* briefs filed by the Appellant on October 10, 2006 are hereby stricken, and the Court Crier shall return those briefs to the Appellant since the trial court has appointed the Public Defender of Montgomery County to represent the Appellant in connection with this appeal.

                                         *PER CURIAM*

EXHIBIT "D"

COMMONWEALTH OF PENNSYLVANIA :    IN THE SUPERIOR COURT OF
EX REL. BLANE NEELY, A/K/A      :         PENNSYLVANIA
JAMES JONES                     :
                 v.             :
                                :
DAVID DIGUGLIEMO,               :
SUPERINTENDENT, SCI-GRATERDORD, :
PENNSYLVANIA                    :
                                :    No. 1975 EDA 2006
APPEAL OF: BLANE NEELY          :    (C.P. Montgomery County
                                          No. 46-MD-0000575-06)



Filed: OCT 16 2006

## O R D E R

Upon consideration of the Appellant's *pro se* "Motion to File
Handwritten Brief or Alternatively Appointment of Counsel to File Brief by Leave
of Court," the trial court is directed to determine the Appellant's eligibility for
court-appointed counsel within thirty days of the date that this Order is filed.  If
the Appellant is found to be eligible, then the trial court shall appoint counsel for
the Appellant in connection with this appeal.  The trial court shall immediately
notify the Prothonotary of this Court of the appointment of counsel or of its
determination of ineligibility. The Commonwealth's briefing schedule is vacated.
A new briefing schedule will be established after this Court is notified of the trial
court's determination.  The Prothonotary is directed to provide the trial court with
a copy of the Appellant's motion for reference purposes.

*PER CURIAM*

EXHIBIT "D"

IN THE SUPERIOR COURT OF PENNSYLVANIA

1975 EDA 2006

07 -0103

COMMONWEATH OF PENNSYLVANIA
EX REL. BLANE NEELY,
APPELLANT

V.

DAVID DIGUGLIELMO SUPERINTENDENT
S.C.I. GRATERFORD, PENNSYLVANIA, et al,

APPELLEE

## BRIEF FOR APPELLANT

APPEAL FROM THE FINAL ORDER ENTERED ON JUNE 15, 2006 DENYING
PETITION FOR A STAY FROM EXTRADITION UPON WRIT OF HABEAS CORPUS
BY THE HONORABLE WILLIAM R. CARPENTER JUDGE OF THE COURT OF COMMON
PLEAS OF MONTGOMER COUNTY AT NO. 46-MD-0000575-2006

DATE FILED: __10/10/06__ SESSION: _____
JOURNAL NUMBER: _____ PANEL: _____
CORRECTION: _____

BLANE NEELY
a/k/a
JAMES JONES SBI # 416474
HOWARD R. YOUNG CORRECTIONAL INST.
1301 EAST 12TH STREET
WILMINGTON DELAWARE 19809

# TABLE OF CONTENTS

TABLE OF CITATIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . ii
STATEMENT OF JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . 1
ORDER IN QUESTION. . . . . . . . . . . . . . . . . . . . . . . . . . . 2
STATEMENT OF QUESTION INVOLVED . . . . . . . . . . . . . . . . . . 3
SCOPE AND STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . 4
STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . 5
SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . 6
ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-10

I. The Delaware State Officials violated the terms of the Inter-state Agreement On Detainers Act Article IV and V(c), by Twice filing "form V" Written Request for Temporary Custody and failing to Pro-ceed or Accept Temporary Custody

II. The Delaware State Officials Third Requisition Papers was not in the Proper Order to allow Appellants transfer to the State of Delaware by Pennsylvania Authorities.

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
PROOF OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

EXHIBITS:

A- Docket Entries Of The Superior Court Of The State Of Delaware In And For New Castle County

B- The State of Delaware's "Form V" Written Request For Temp-orary Custody

C- Transcripts of The Extradition Hearing Held In The Court of Common Pleas of Montgomery County

D- Tranfer Order of The Court Of Common Pleas of Montgomery County

# TABLE OF CITATIONS

STATE CASES:                                                    PAGES

COMMONWEALTH V. DAVIS, 567 Pa. 135, 138-39,
786 A. 2d 173 175 (2001) . . . . . . . . . . . . . . . . . . 8

COMMONWEALTH V. FISHER, 451 Pa. 102, 106, 301
A. 2d 605 607 (1973) . . . . . . . . . . . . . . . . . . 9

COMMONWEALTH V. MAYLE, 788 A. 2d 677, 780 A. 2d 682,
(Pa. Super. 2001) . . . . . . . . . . . . . . . . . . . . 8, 9

COMMONWEALTH V. MERLO, 364 A. 2d 394 . . . . . . . . 9

COMMONWEALTH V. THORNHILL 441 Pa. 382,
601 A. 2d 842 846 (Pa. Super. 1992) . . . . . . . . . . 8

FEDERAL CASES:
COMMONWEALTH V. DAVIS, 101 S.Ct. 703 (1981) . . . . .

CUYLER V. ADAMS, 101 S.Ct. 703 (1981) . . . . . . . . 5, 6, 7, 9

MICHIGAN V. DORAN, 439 U.S. 282, 286-287,
99 S.Ct. 530, 534 (1978) . . . . . . . . . . . . . . . . . . 9

STATUTES, RULES & ACTS
State:
42 Pa. C.S.A. § 742
42 Pa. C.S.A. § 9101
Pa. R.A.P. 341 (a)
Federal:
Interstate Agreement on Detainer Act

ii

## STATEMENT OF JURISDICTION

This Court has Jurisdiction over this Appeal pursuant to:
(A) 42 Pa. C.S.A. § 742 (exclusive appellate Jurisdiction in
the Superior Court of Pennsylvania from final order of the
Court of Common Pleas); (B) Pennsylvania Rules of Appellate Pro-
cedure 341(a) (appeals as of right from final orders of a lower
court).

1

# ORDER IN QUESTION

The order which is subject of this appeal is the Final Order Dismissing Petition For A STAY From EXTRADITION Entered On June 15.2006 By The Honorable William R. Carpenter Judge Of The Court of Common Pleas of Montgomery County At No. 46-MD-0000575-2006. See: Exhibit "D" attached to. Brief.

2

## STATEMENT OF QUESTION INVOLVED

I. Whether the Delaware State Officials violated the Terms Of the Interstate Agreement On Detainers Act, Article IV and V(c), by Twice filing "form V" Written Request for Temporary Custody and failing to Proceed or Accept Temporary Custody.

II. Whether the Delaware State Officials Third Requisition Papers in the Proper Order to allow Appellants transfer to the State of Delaware by Pennsylvania Ath Authorities.

3

## SCOPE AND STANDARD OF REVIEW

When reviewing a lower courts' decision, the standard of review is whether the determination was supported by the record and is free of legal error.

4

## STATEMENT OF THE CASE

The State of Delaware sought to remove Appellant pursuant to the Interstate Agreement on Detainers Act in the matter of the State of Delaware v. James Jones Del. Super. Ct., I.D. # 9908003361 which involves an incident that occurred on or about August 4, 1999 in the City of Wilmington New Castle County Delaware.

Subsequent to Appellant being release on bond for the said incident, Appellant was arrested for, Appellant was incarcerated at Graterford's State Correctional Institution in Graterford Pennsylvania.

As a result of the State of Delaware being notified that Appellant was incarcerated in Pennsyvania at SCI Graterford, the State of Delaware filed its "First" Form V Written Request for Temporary Custody on June 2, 2000. (See: Exhibit "A" Attach to Brief, Superior Court of State of Delaware, Docket Entries # 18 and 24.)

Testimony before the Honorable William E. Carpenter on June 13, 2006 at the Cuyler v. Adams Extradition Hearing in the Court of Common Pleas of Montgomery county, reflected that the State of Delaware did not proceed nor accept temporary custody on its "First" Form V Written Request for Temporary Custody under the Interstate Agreement on Detainer Act but made a "Second" Form V Written Request for Temporary Custody on February 8 2005 which was signed by a Judge and Deputy Attorney General in Delaware, However, that "Second Request" was not mailed to the District Attorney Office in Pennsylvania untill October 26, 2005 over eight months later, Nonetheless the Court signed an Order transferring the Appellant to Delaware on June 15, 2006. (See: Exhibit "B", Second Request for Temporary Custody; Exhibit "C" Transcripts of Extradition Hearing of June 13, 2006 Pages 1-11 and also; Exhibit "D", Transfer Order attached to this Brief)

Furthermore, the Third Requisition made by the State of Delaware was Defective, the Form V Written Request for Custody presented in 2006 was not only invalid because it was signed in February 8, 2005 but the Prosecutor Peter N. Letang had resigned as Chief Prosecutor for the State of Delaware and could not have lawfully made the Agreement to take Temporary Custody under the Interstate Agreement on Detainers Act.

5

## SUMMARY OF THE ARGUMENT

The Appellant who is presently housed at the Howard R. Young Correctional Institution in the City of Wilmington New Castle County Delaware was unlawfully removed by Delaware State Authorities from Graterford State Correctional Institution at Graterford Pennsylvania via a _Cuyler v. Adams_ Extradition Hearing pursuant to Interstate Agreement on Detainers Act.

The State of Delaware presented defective Requisition Papers at the Extradition's Hearing that were not in the Proper Order on their face and the State of Delaware was Knowingly in violation of the Terms of the Inter-State Agreement on Detainers Act Article IV and V(E).

Futhermore, the State of Delaware violated State and Federal Laws and also; the Jurisdition of the Superior Court of Pennsylvania by Transferring Appellant to another Jurisdiction across State Lines while instant Appeal of Transfer Order of lower Court was still Pending before the Superior Court of Pennsylvania to prevent Disclosure of unlawful Extradition.

# ARGUMENT

I. THE DELAWARE STATE OFFICIALS VIOLATED *THE TERMS OF THE INTERSTATE AGREEMENT ON DETAINERS ACT ARTICLE IV AND V(c)* BY TWICE FILING FORM V WRITTEN REQUEST FOR TEMPORARY CUSTODY AND FAILING TO PROCEED OR ACCEPT TEMPORARY CUSTODY

The Docket Entries from the State of Delaware Superior Court Criminal Docket relect that subsequent to release on bond the Appellant was located incarcerated at Graterford Prison on <u>March 8 2000</u>. See: Exhibit "A", attached, Docket Entry # 18.

As a result of being notified that Appellant was now incarcerated at SCI-Graterford the State of Delaware filed it's first "Form V" Written Request for Temporary Custody on <u>June 2, 2000</u>. See: Exhibit "A", attached Docket Entry # 24.

After failing to proceed on "first" Form V Written Request for Temporary Custody, the State of Delaware filed a "Second" Form V Written Request for Temporary Custody on <u>February 8, 2005</u> which was signed by a Judge And Deputy Attorney General, However, that "Second" Request was not mailed to the <u>District Attorneys Office</u> in Pennsylvania until <u>October 26, 2005</u> over eight months later.

Approximately sixteen months after the State of Delaware filed its "Second" form V Written Request for Temporary Custody which Delaware again failed to proceed on; to Commence extradition proceedings; accept temporary custody, to transport and Try Appellant, Delaware presented the defective "Second" Form V Written Request at the Appellants <u>Cuyler v. Adams</u> Extradition Hearing on <u>June 13, 2006</u> as Delaware's "Third" Requisition Papers, not only was Requisition Paper not in the Proper Order ~~untimeliness~~ because of their Untimeliness but that the Deputy Attorney General Peter N. Letang who signed the <u>February 8, 2005</u> ~~to vali~~ Form V Written Request for Validation had resigned when it was presented to Pennsylvania Court on <u>June 13 2006</u>.

The State of Delaware has unequivocally violated the Interstate Agreement on Detainers "Terms" Artical IV and V(c), where State of Delaware failed to "Twice" Commence extradition

7

proceedings and failed, to accept temporary custody after
filing "Form V" initiating transfer... the 120 day period of
Article IV is triggered... Upon presentation of a written re-
quest for temporary custody or availability. See: Commonwealth
v. Davis 567 Pa. 135 138-39, 786 A.2d 173 175 (2001), The Court con-
cluded that "Article IV of the IAD provides the procedure
by which the prosecutor in the requesting state initiates
the transfer:

(a) The appropriate officer of the jurisdiction in which
an untried indictment, information or complaint is pending
shall be entitled to have a prisoner against whom he has
lodged a detainer and who is serving a term of imprison-
ment in any party state made available in accordance with
Article V(a) hereof upon presentation of a written request for
temporary custody or availability to the appropriate autho-
rities of state in which the prisoner is incarcerated.

Pursuant to the Interstate Agreement on Detainer Act,
Article V(c) "If the appropriate authority shall refuse or
fail to accept temporary custody of said person, or in the
event that an action on the indictment, information, or
complaint on the basis of which the detainer has been lodged
is not brought to trial within the period provided in Article
III or Article IV hereof the appropriate Court of juris-
diction where the indictment, information or complaint has
been pending shall enter an order dismissing the same with
prejudice and any detainer based thereon shall cease to be
of any force or effect."

In Commonwealth v. Mayle, 788 A.2d 677 (Pa. Super. 2001),
the court cited the following language from Commonwealth v.
Thornhill 441 Pa. Super 382, 601 A.2d 842, 846 (Pa. Super.
1992) to set forth the policies under the act:

"The policies of the Interstate Agreement
on Detainers is to encourage the expeditious
and orderly disposition of charges and its

8

purpose is to promote and foster prisoner treatment and rehabilitation programs by eliminating uncertainties which accompany the filing of detainer. <u>Commonwealth v. Fisher</u>, 451 Pa. 102 106 301 A.2d 605 607 (1973).....  Because the legislation is remedial in character, it is to be liberally construed in favor of the prisoner so as to effectuate its purpose. Commonwealth v. Merlo supra at 522 364 A.2d at 394."

<u>Mayle</u>, 780 A.2d at 682.

The State of Delaware waited over six years after filing their "First" request to have Appellant extradited on <u>June 2, 2000</u> before unlawfully transporting Appellant to Delaware on <u>August 15, 2006</u>, among numerous other violations of the terms under the Interstate ~~or Detainer~~ Agreement on Detainer Act. Delaware violated the remedial purpose under the Act.

## II. THE DELAWARE STATE OFFICIALS THIRD REQUISITION PAPERS WAS NOT IN THE PROPER ORDER TO ALLOW APPELLANTS TRANSFER TO THE STATE OF DELAWARE BY PENNSYLVANIA AUTHORITIES

Pursuant to <u>Cuyler v. Adams</u> 101 S.Ct. 703, 709, at F.N. 11 (1981), citing Michigan v. Doran, supra, at 289 99 S.Ct., at 535:

" The person being extradited has no right to challenge the facts surrounding the underlying crime or the lodging of the custody request at the first hearing. Even at the later habeas corpus hearing, if any, he is permitted to question only:

(a) <u>whether the extradition documents on their face are in order</u>; (b) whether he has been charged with a crime in the demanding state; (c) whether he is the person named in the request for extradition; and (d) whether he is a fugitive."

At Appellants Extradition Hearings on <u>June 5, 2006</u> before Judge Thomas Del Ricci and <u>June 13, 2006</u> before Judge William R. Carpenter, in the Court of Common Pleas of Montgomery County Courtroom 6, Delaware presented Requisition Papers that was not in the Proper Order on their face, they were untimely and invalid due to the fact Delaware presented their <u>February 8, 2005</u> "Second" Form V Written Request for Temporary Custody which had been violated for failure to execute requisition timely under Detainer Act, as Delaware's "Third" Requisition Papers.

Furthermore, the Requisition made by the State of Delaware to the Pennsylvania Authorities in <u>June 2006</u> was invalid because the Interstate Compact Agreement to Try and return Appellant in a 120 days was signed by Peter N. Letang who had resigned as Deputy Attorney General.

The Honorable Court has Jurisdiction in light of the Interstate Compact Agreement to mandate the State of Delaware to comply with the "Terms" of the Interstate Agreement on Detainer Act pursuant to Article IV and V(C), Dismissing all Charges and return Appellant to Pennsylvania's Department of Corrections.

# CONCLUSION

Because of The State Of Delaware violations of the Terms of the Interstate Agreement on Detainer's and the Jurisdiction of the Superior Court of Pennsylvania over the instant matter the Appellant ask this Honorable Court, in the interest of Due Process and Equal Protection of the Law Clause of the Fourteenth Amendment of the United States Constitution, mandate that the State of Delaware return Appellant to the Pennsyvania Department of Corrections for the sake of Comity and the Interstate Compact between the State of Delaware and Pennsylvania, Dismissing all Charges.

Date: October 3rd 2006

Respectfully submitted,

Blane Neely

Blane Neely
a/k/a

James Jones SBI# 416474
Howard R. Young Correctional Inst.
1301 East 12Th Street
Wilmington Delaware 19809

11

## PROOF OF SERVICE

I hereby certify that I am on this day serving the "Appellant's Original Brief" by first class mail upon the Prothonotary of the Superior Court of Pennsylvania to inturn serve a copy of above-said Brief upon the following:

Mary Killinger
Deputy District Attorney
Montgomery County Courthouse
Swede & Airy Streets
Norristown, PA 19401

EXECUTED ON _October 3rd_ 2006, at Howard R. Young Correctional Institution, City of Wilmington, New Castle County, Delaware.

Respectfully submitted,

Blane Neely

Blane Neely
a/k/a

James Jones SBI# 416474
Howard R. Young Correctional Inst.
1301 East 12Th Street
Wilmington DE 19809

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    3
                        ( as of  12/10/2003 )
```

State of Delaware v.  JAMES JONES                              DOB: 02/02/1958
State's Atty: PAUL R WALLACE , Esq.           AKA: JIMMY JONES
Defense Atty: RALPH D WILKINSON , Esq.             JIMMY JONES

```
      Event
No.   Date          Event                                    Judge
-------------------------------------------------------------------------------
18    03/08/2000
      LETTER FROM TIMOTHY WILLARD, ESQ. TO SANDY AUTMAN EXPLAINING THAT
      DEF. HAS BEEN LOCATED AT GRATERFORD PRISON IN PENN. ON BEHALF OF
      CAPITAL BONDING, HE INTENDS TO FILE A MOTION TO BE RELIEVED AS BONDS-
      PERSON AND RELIEVED OF FINAL $15,000 FORFEITURE PAYMENT.       SHA
19    03/22/2000
      BAIL FORFEITED IN THE AMOUNT OF $15,000.00 3RD INSTALLMENT.
20    04/10/2000
      MOTION TO SET ASIDE OR REMIT FORFEITURE OF BOND AND EXONERATE BOND
      LIABILITY FILED.
      TIMOTHY WILLARD, ESQ.
21    05/01/2000                                        STOKES RICHARD F.
      MOTION TO SETASIDE OR REMIT FIRFEITURE OF BOND & EXONERATE BOND
      LIABILITY GRANTED.
22    05/11/2000
      MOTION TO SET ASIDE OR REMIT FORFEITURE OF BOND AND EXONERATE BOND
      LIABILITY FILED.
      TIMOTHY WILLIARD, ESQ.
23    05/22/2000                                        QUILLEN WILLIAM T.
      MOTION TO SET ASIDE OR REMIT FORFEITURE OF BOND AND EXONERATE BOND
      LIABILITY DENIED.
24    06/02/2000
      AGREEMENT ON DETAINERS.
      FORM 5 FILED: REQUEST FOR TEMPORARY CUSTODY

            *** END OF DOCKET LISTING AS OF  12/10/2003 ***
                PRINTED BY: CSCCHEI
```

EXHIBIT "A"

**New Castle County**
**Superior Court I.D. No. 9908003361**

AGREEMENT ON DETAINERS – FORM V
Request for Temporary Custody

TO:    Records Specialist        State Correctional Institution – Graterford

P.O. Box 246, Rt. 29, Graterford, PA 19426

Please be advised that **James Jones a.k.a. Brian Neeley/Blane Neeley; DOB 2/2/1958 & 2/2/1952,** who is presently an inmate of your institution, is under (indictment, information, or complaint) in the State of Delaware of which I am the Deputy Attorney General.

Said inmate is therein charged with the offense(s) enumerated below:

**I.D. No. 9908003361** – Kidnapping Second Degree; 2 counts of Possession of a Deadly Weapon by a Person Prohibited; 4 counts of Possession of a Firearm During the Commission of a Felony; Robbery First Degree; Conspiracy Second Degree; Possession of a Weapon with a Removed, Obliterated, or Altered Serial Number; and Resisting Arrest.

I propose to bring this individual to trial on this (indictment, information or complaint) within the time specified in Article IV(c) of the Agreement.

In order that proceedings in this matter may be properly had, I hereby request temporary custody of such individual pursuant to Article IV(a) of the Agreement on Detainers.

I hereby agree that immediately after trial is completed in this jurisdiction, I will return the inmate directly to you or allow any jurisdiction you have designated to take temporary custody. I also agree to complete the Form IX, the Notice of Disposition of a Detainer, immediately after trial.

Signed: _____
Peter N. Letang

Title:   Chief Prosecutor _____

I hereby certify that the person whose signature appears above is an appropriate officer within the meaning of Article IV(a), the facts recited in this request for temporary custody are correct, and that having duly recorded said request I hereby transmit it for action in accordance with its terms and the provisions of the Agreement on Detainers.

Dated: 2/6/05                    Signed: John E Bolron
                                              Judge

EXHIBIT "B"

IN THE COURT OF COMMON PLEAS IN AND FOR

THE COUNTY OF MONTGOMERY, PENNSYLVANIA

CRIMINAL DIVISION

- - -

| | | |
|---|---|---|
| COMMONWEALTH OF | : | NO.  MD-0575-06 |
| PENNSYLVANIA | : | |
| | : | |
| vs. | : | |
| | : | |
| BLANE NEELY | : | |
| a/k/a JAMES JONES | : | |

- - -

CUYLER HEARING

- - -

Courtroom 6
Tuesday, June 13, 2006
Commencing at 9:40 a.m.

- - -

Megan McCartin, R.P.R.
Official Court Reporter
Montgomery County Courthouse
Norristown, Pennsylvania

- - -

BEFORE:   THE HONORABLE WILLIAM R. CARPENTER, JUDGE

- - -

COUNSEL APPEARED AS FOLLOWS:

KAREN RICCA, ESQUIRE
Assistant District Attorney
for the Commonwealth

JEROME BROWN, ESQUIRE
for the Defendant



EXHIBIT "C"

2

## I N D E X

COMMONWEALTH'S EVIDENCE

| Witness | Direct | Cross | Redirect | Recross |
|---------|--------|-------|----------|---------|
| Det. George Mood | 5 | 11 | | |

- - -

## E X H I B I T S

COMMONWEALTH

| Number | Marked | Rec'd |
|--------|--------|-------|
| C-1   Ten-pg. document w/envelope | 10 | 10 |

- - -

EXHIBIT "C"

```
 1                Commonwealth v. Blane Neely
 2                          (Proceedings were commenced with
 3    the Court; Karen Ricca, Esquire; Jerome Brown,
 4    Esquire; and the Defendant(s) being present.)
 5                        - - -
 6                          MS. RICCA:  Good morning, Your
 7    Honor.  This is the case of Commonwealth versus Blane
 8    Neely, also known as James Jones, docket number
 9    MD-575-06.
10                          This is a hearing under Cuyler
11    versus Adams regarding the Interstate Agreement on
12    Detainers.  The defendant is currently a prisoner at
13    our State Correctional Institute at Graterford.  He is
14    represented by Mr. Jerome Brown of Philadelphia.  He
15    has filed certain motions, Your Honor, contesting the
16    transfer, which is the reason for this hearing.
17                          The last time we were in court
18    Mr. Brown did stipulate to the fingerprint report that
19    I had from Detective Bruce Saville.
20                          MR. BROWN:  That is correct,
21    Your Honor.
22                          THE COURT:  So identity isn't
23    the issue, right?
24                          MR. BROWN:  Identity is not the
25    issue in this case.
```

EXHIBIT "C"

4

```
 1              Commonwealth v. Blane Neely
 2                    THE COURT:  What is the issue?
 3                    MR. BROWN:  The issue in this
 4   case is a couple-fold.  Has the Court had an
 5   opportunity to read the Motion for Habeas Corpus?
 6                    THE COURT:  It's before me right
 7   now.
 8                    MR. BROWN:  Your Honor, number
 9   one, the State of Delaware lodged a detainer against
10   Mr. Neely probably about six years ago when he was
11   housed at SCI Graterford.  Thereafter, the State of
12   Delaware has taken no action in this case.
13                    I guess our attack is a
14   couple-fold.  Number one, the fact that remedial
15   purposes of the Act are that individuals are to be
16   taken, under the Act, quickly, because of the fact
17   that they have certain rehabilitative efforts ongoing,
18   which Mr. Neely has done.  He has actually served one
19   sentence --
20                    THE COURT:  Let me stop you for
21   a minute.  You are really saying it's not a timely
22   request from Delaware any longer.
23                    MR. BROWN:  That's number one.
24                    THE COURT:  All right.  Well
25   what's number two?
```

EXHIBIT "C"

5

1                    Det. George Mood - Direct

2                         MR. BROWN:  Number two is,

3    whatever requisition papers that there were that

4    existed six years ago are no longer valid.

5                         THE COURT:  And is there a

6    number three?

7                         MR. BROWN:  I think that would

8    probably -- and essentially, because of the

9    timeliness, they violated the remedial purposes of the

10   Act.

11                        THE COURT:  Very well.

12                        Is the Commonwealth ready to

13   respond with testimony or other evidence?

14                        MS. RICCA:  Yes, Your Honor.  We

15   have one witness, Your Honor.

16                        Commonwealth would call

17   Detective George Mood to the stand, please.

18                             - - -

19                        DETECTIVE GEORGE MOOD, having

20   been duly sworn, was examined and testified as

21   follows:

22                   DIRECT-EXAMINATION

23                             - - -

24   BY MS. RICCA:

25   Q.   Detective Mood, by whom are you employed?

EXHIBIT "C"

```
 1                     Det. George Mood - Direct
 2   A.    By the Montgomery County District Attorney.  I am
 3   assigned to the Detective Bureau as a Fugitive Unit
 4   investigator, have been so employed since September of
 5   2002.
 6   Q.    Do your duties include handling documents
 7   regarding the Interstate Agreement on Detainers?
 8   A.    Yes, involving that, and also under Uniform
 9   Criminal Extradition Act.
10                          MR. BROWN:  Your Honor, may we
11   have one moment to look at these.
12                          THE COURT:  All right, we'll
13   take a brief recess.  Let me know when you're ready.
14                          (A recess is taken.)
15                            - - -
16                          MR. BROWN:  Your Honor, if I
17   might, I would like to add one other ground after
18   speaking with Mr. Neely.  It is his position that the
19   Commonwealth -- not the Commonwealth, but the State of
20   Delaware must also, under Cuyler versus Sullivan --
21   excuse me -- Cuyler versus Adams, grant all of the
22   protections under the Uniform Criminal Extradition Act
23   also, and they have not done that, in particular
24   filing a governor's warrant here.  That is the
25   additional ground he has asked me to raise.
```

EXHIBIT "C"

```
                                                             7
 1                     Det. George Mood - Direct
 2                         THE COURT:  All right.  Proceed.
 3                         MR. BROWN:  Your Honor, we have
 4    already seen the exhibit that the Commonwealth is
 5    showing.
 6                         THE COURT:  Thank you.
 7                         MS. RICCA:  Your Honor, there is
 8    a copy on the bench, if you care to follow along.
 9    BY MS. RICCA:
10    Q.  Detective, I am showing you a document that is
11    paper clipped and has a "1" in the upper corner.
12    Could you please identify that for the record.
13  ₌ A.  Yes.  Your Honor, this is a Form V under the
14    Agreement on Detainers Act, Request for Temporary
15    Custody, filed by the State of Delaware to the
16    attention of the State Correctional Institution at
17    Graterford.
18                         It says "James Jones, a/k/a
19    Brian Neely/Blane Neely," and dates of birth are
20    listed, in which the State of Delaware requests
21    temporary custody for disposition of open, untried
22    charges.  That's on the first page.
23                         The second page is a capias from
24    the State of Delaware, and that is a certified copy.
25                         The following pages are bills of
```

EXHIBIT "€"

8

1           Det. George Mood - Direct

2    indictment against Mr. Neely.  The information I have

3    are all certified copies.

4                     The last page is a certified

5    copy of the fingerprints for a Jones, James that was

6    submitted along with that.

7                     These documents were received by

8    me on October 5, 2006.  I time-stamped the envelope in

9    which I received these documents.

10   Q.   Detective, are these documents in the same

11   condition as when you received them on the date that

12   you opened that envelope and time-stamped it?

13   A.   Yes, they are.

14                     THE COURT:  What date did you

15   receive the documents?

16                     THE WITNESS:  October 26, 2005.

17   BY MS. RICCA:

18   Q.   Now, detective, after finding out that the

19   defendant wished a contested hearing, what did you do

20   with the last page attached to those certified

21   documents?

22   A.   I submitted that certified copy of a ten-print

23   card to Detective Lieutenant Bruce Saville of the

24   Montgomery County Detective Bureau, along with a known

25   copy of a ten-print card for Blane Neely, who was

EXHIBIT "C".

9

1                    Det. George Mood - Direct

2    incarcerated at State Correctional Institution at

3    Graterford.

4                         THE COURT:  All right, just stop

5    a minute.

6                         Mr. Brown, if your client

7    disrupts the proceedings further, I'll terminate.  All

8    right?

9                         MR. BROWN:  Yes, Your Honor, I

10   understand.

11                        THE COURT:  Continue.

12   BY MS. RICCA:

13   Q.   Did you receive a report back from the Detective

14   Bureau?

15   A.   Yes, I did.

16                        MS. RICCA:  Your Honor, I

17   believe that is the basis for the identification

18   stipulation.  There is a document purported to be an

19   expert report --

20                        THE COURT:  He has stipulated

21   that identification is not the issue.

22                        MS. RICCA:  Yes, Your Honor.

23   I'm moving that into evidence, please.

24                        MR. BROWN:  I have no objection,

25   Your Honor.

EXHIBIT "E"

10

1                    Det. George Mood - Direct

2                         THE COURT:   Admitted.

3                         (The aforementioned documents,

4   consisting of ten pages and attached envelope, marked

5   Commonwealth Exhibit C-1 for identification and

6   admitted into evidence.)

7   BY MS. RICCA:

8   Q.   Now, detective, as you look through those

9   documents, they bear certain seals; is that correct?

10  A.   Yes, they do, except for page one, which is what

11  I was told is the original copy of the Form V, which I

12  received from the State of Delaware.   The Capias, the

13  Bills of Information or bills of indictment, which are

14  stapled together and stapled to the fingerprint card.

15  Q.   And they are certified; is that correct?

16  A.   Yes, they are.

17                        MS. RICCA:   Your Honor, I have

18  no further questions for him and I would move

19  Commonwealth Exhibit 1 into evidence.

20                        MR. BROWN:   No objection, Your

21  Honor.

22                        THE COURT:   You may

23  cross-examine.

24                   CROSS-EXAMINATION

25                         - - -

ᴄᴠΙΙΙᴮΙᴛ "ᴇ"

11

```
 1                    Det. George Mood - Cross
 2   BY MR. BROWN:
 3   Q.   Sir, have you had any contact with the State of
 4   Delaware regarding these documents, other than
 5   receiving them in the mail?
 6   A.   Yes, I did.
 7   Q.   Are you aware that they filed a Form V request in
 8   their court back on June 2, 2000?
 9   A.   I'm aware that a Form V was filed with the
10   Pennsylvania Department of Corrections, and the
11   original document was not in the Delaware file;
12   therefore, a new original Form V was issued and signed
13   by the judge in New Castle County, New York, a John
14   E. --
15                       THE COURT:   Not New York, sir.
16                       THE WITNESS:   I'm sorry, New
17   Castle County, Delaware, and that was dated 2/8/05.
18   BY MR. BROWN:
19   Q.   But as far as you know there was a document that
20   was filed in that court.   Would you have any reason to
21   disagree with the assertion that it was filed back in
22   2000?
23   A.   I do know that -- I was told that there was a
24   document filed earlier, to wit the date I am not
25   aware.   But I was told there was a document filed
```

EXHIBIT "E"

# IN THE COURT OF COMMON PLEAS
## COUNTY OF MONTGOMERY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    :    CP-46-MD-0000575-2006
*Ex Rel the State ofDelaware*
vs.    :

Blane Neeley a/k/a James Jones    :
SCI Graterford # GE0655

### ORDER

AND NOW, this __15__ day of June, 2006, the Court finds that the State of Delaware has fulfilled the requirements of the Interstate Agreement on Detainers Act (IADA), as codified by both Pennsylvania at P.A.C.S. §9101 et seq., and the State of Delaware at 11 Del. C., Chap. 25, §2540 et seq. The Court is satisfied that the accused named in the Request for Temporary Custody, Form 5, is the defendant/prisoner being held at the State Correctional Institution, Graterford.

IT IS HEREBY ORDERED AND DIRECTED that, pursuant to the provision of the Interstate Agreement on Detainers Act, the State of Delaware be given temporary custody of Blane Neeley a/k/a James Jones, to answer the criminal charges in that Jurisdiction.

IT IS FURTHER ORDERED that the Superintendent of the State Correctional Institution, Graterford shall proceed with arrangements for the transfer and temporary custody of the defendant to the demanding State of Delaware, County of New Castle, pursuant to the provisions of the Interstate Agreement on Detainers Act.

BY THE COURT:

_____

William R. Carpenter, J.

cc:    District Attorney (File) – ADA Karen Ricca, Esq
       Defendant Attorney – Jerome Brown Esq., 1628 JFK Blvd, Suite 1000, 8 Penn Center, Phila PA 19103
       Defendant
       Warden, SCI Graterford

EXHIBIT "D"